The NATIONAL LEAGUE OF CITIES, an Illinois Corporation, on behalf of its member cities, et al., Plaintiffs,

and

The State of California, By and Through Evelle J. Younger, Attorney General, on Behalf of the People of the State of California, et al., Plaintiffs-Intervenors,

and

The State of Indiana et al., Plaintiffs-Intervenors,

v.

The Honorable Peter J. BRENNAN, Secretary of Labor of the United States, Defendant.

Civ. A. No. 74-1812.

United States District Court, District of Columbia.

Dec. 31, 1974.

Charles S. Rhyne, Washington, D. C., for plaintiffs.

Talmadge R. Jones, Deputy Atty. Gen., State of California, Sacramento, Cal., for plaintiffs-intervenors.

Nathan Dodell, Asst. U. S. Atty., Washington, D. C., for defendants.

Before LEVENTHAL, Circuit Judge, and GASCH and PARKER, District Judges.

PER CURIAM:

Petitioners, individual cities and states, the National League of Cities, and the National Governors' Conference, challenge the 1974 amendments to the Fair Labor Standards Act (FLSA), Public Law 93–259, 88 Stat. 55, amending 29 U.S.C. § 201 et seq. (1970), as beyond the power of Congress under the Commerce Clause in that they purport to extend the coverage of the FLSA to nonsupervisory state and municipal employees, including police and firemen. The amend-

ments generally went into effect on May 1, 1974; provisions relating to overtime pay of police and firemen become effective on January 1, 1975. Plaintiffs seek a declaratory judgment and temporary and permanent injunctive relief. Defendant opposed a temporary injunction, and moved to dismiss the action for failure to state a claim upon which relief can be granted. A three-judge district court was duly convened. We grant defendant's motion to dismiss the complaint.

Although plaintiffs have raised a difficult and substantial question of law, we feel that our decision is controlled by the decision of the Supreme Court in *Maryland v. Wirtz*, 392 U.S. 183, 88 S.Ct. 2017, 20 L.Ed.2d 1020 (1968).[1]. Upholding the constitutionality of an earlier extension of the FLSA to cover employees of state-operated schools and hospitals against an attack similar to that lodged here, Justice Harlan, writing for the court, found a sufficient and independent rational relationship of the provisions of the Act to interstate commerce in that state hospitals and schools were significant purchasers of out-of-state goods and that strikes and work stoppages involving their employees would consequently interrupt and burden the flow of goods across state lines. 392

U.S. at 194–95, 88 S.Ct. 2017. Since it is uncontested that the state and municipal institutions whose employees are reached for the first time by the 1974 Amendments do make substantial purchases in interstate commerce of equipment and other goods, the decision in *Wirtz* disposes of this case.

Although the theory described above was an explicitly independent ground for the decision, there is language in the opinion that stresses that the state competes with private institutions which also operate schools and hospitals.[2] The institutions whose employees are in question here perform governmental functions, not seriously in competition with private industry. Moreover, there is evidence that the impact of the 1974 Amendments, in terms of confusing and complex regulations and an enormous fiscal burden on the states, is so extensive that it may seriously affect the structuring of state and municipal governmental activities by reducing flexibility to adapt to local and special circumstances, as through compensatory time off arrangements, rather than time and half overtime pay, and through other local governmental agreements.[3]

Plaintiffs contend that the amendments will mean either increase in local

---

1. In this opinion we have not addressed ourselves to any issue concerning the regulations and rulings issued by defendant under the 1974 amendments, either as to procedure followed, or as to substantive compliance with the Act. These issues were not the core of the complaint filed, and the contentions may be presented by plaintiffs either by way of defense, or in actions for declaratory relief. *See National Automatic Laundry and Cleaning Council v. Shultz*, 143 U.S.App.D.C. 274, 443 F.2d 689 (1971).

2. *See, e. g.*, "If a State is engaging in economic activities that are validly regulated by the Federal Government when engaged in by private persons, the State too may be forced to conform its activities to federal regulation." 392 U.S. at 197, 88 S.Ct. at 2024.

3. California, for example, has a mutual aid program, through which counties cooperate to provide aid in time of floods and other disasters. The municipalities and counties participate .gratuitously, without reimbursement.

Counsel for California fear that the overtime pay provisions of the Amendments will prove so burdensome that counties will be unwilling to continue to cooperate in this venture.

Also, compensatory time-off arrangements which allow for heavy working seasons during the summer, for forest fire fighters, or during the winter, for snow removal personnel, may be prohibited by the provisions requiring overtime payment. California, for example, represents that its forestry service employees are under special arrangements for the 5–8 month forest fire campaign program, which are dependent as a practical matter on a compensatory time off arrangement during the winter months. Salt Lake City fears it may not be able to continue its practice of working its snow removal employees some 7,000 hours in excess of 40 hours per week during the winter with an equal amount of time off during the summer, despite the apparent acceptability of this arrangement to both employer and employees.

government fiscal requirements, or reduction in services and personnel, with layoffs, or both, due to provisions in state and municipal constitutions, charters, statutes and ordinances, like those against deficit financing. Plaintiffs further contend that a large part of the budgets of state and local governments reflect costs of non-supervisory personnel, and that the budgeting processes currently under way indicate that the amendments may have the practical impact of a large scale reconstitution of tours of duty, without any factual predicate showing that there has been in the past any substantial degree of either widespread labor unrest curtailing flow of interstate commerce or substandard wage scales. They contend that the amendments here will intrude upon the state's performance of essential governmental functions far more than did those reviewed in *Wirtz*, although here, as there, the federal requirements are nominally limited to wage and hour regulations. We are troubled by these contentions, and consider that they are substantial and that it may well be that the Supreme Court will feel it appropriate to draw back from the far-reaching implications of *Wirtz*; but that is a decision that only the Supreme Court can make, and as a Federal district court we feel obliged to apply the *Wirtz* opinion as it stands.

If, as we must assume, the amendments are constitutional, a preliminary injunction would be inappropriate. We have pondered the possibility of relief pending appeal, to assure opportunity to litigate, but, apart from jurisdictional doubts, we apprehend that the only assistance available from such relief would be this, that states failing to comply with the new provisions would not be exposed to the liquidated damages and double damage penalties provided for bad faith violations of the Act. However, we feel that since our opinion recognizes that plaintiffs have raised a substantial question regarding the amendments' constitutionality, this will be sufficient to indicate that the claim on the part of the cities and states that the Act cannot be constitutionally enforced has been raised in good faith.

Plaintiffs' request for declaratory and preliminary injunctive relief is denied. Defendant's motion for dismissal is hereby granted. Because the papers before us include depositions and affidavits, and they should be part of the record in the event of an appeal to the Supreme Court, our order dismissing the complaint will be entered under both Rule 12 and Rule 56 of the Federal Rules of Civil Procedure.

The foregoing will constitute our findings of fact and conclusions of law.

Accordingly, it is hereby ordered, pursuant to and in accordance with Rules 12 and 56 of the Federal Rules of Civil Procedure, that the complaint of the National League of Cities, et al., as amended December 31, 1974, and the complaint in intervention of the State of California, be, and they hereby are, dismissed with prejudice.