The **NATIONAL LEAGUE OF CITIES** et al., Plaintiffs,

v.

**F. Ray MARSHALL, Secretary of Labor of the United States, Defendant.**

Civ. A. No. 74–1812.

United States District Court, District of Columbia.

Jan. 31, 1977.

Declaratory Judgment, Mar. 9, 1977.

As Amended May 25, 1977.

Charles S. Rhyne, William S. Rhyne, Richard J. Bacigalupo, Washington, D. C., for plaintiffs; Evelle J. Younger, Atty. Gen., Willard A. Shank, Talmadge R. Jones, Sacramento, Cal., on brief.

David Schlee, Asst. U. S. Atty., Washington, D. C., for defendant; Alfred G. Albert, Acting Sol. of Labor, Carl W. Gerig, Jr., Deputy Associate Sol., U. S. Dept. of Labor, Washington, D. C., on brief; Carin Ann Clauss, Associate Sol., U. S. Dept. of Labor, Washington, D. C., on argument.

Before LEVENTHAL, Circuit Judge, and GASCH and PARKER, District Judges.

## MEMORANDUM

### PER CURIAM:

Plaintiff states and cities brought this suit to challenge the Fair Labor Standards Amendments of 1974, P.L. 93–259, 88 Stat. 55, amending the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201, *et seq.* We were troubled by plaintiffs' contentions, but being bound by the Supreme Court's *Wirtz* decision, we held for the defendant Secretary of Labor.[1] In *National League of Cities v. Usery,* 426 U.S. 833, 96 S.Ct. 2465, 49 L.Ed.2d 245 (1976), the Supreme Court reversed and remanded for entry of an appropriate decree implementing the Court's opinion.

## I.  APPLICABILITY TO OTHER STATUTES

Plaintiffs seek a decree preventing the Secretary from seeking application to employees of state and local government of statutes, which, though passed independently of the FLSA, have either been codified into the FLSA or refer to the FLSA for definitions which determine their scope. Specifically, plaintiffs assert that *National League of Cities* requires the conclusion that state and local government employees are not covered by: the Equal Pay Act, 29 U.S.C. § 206(d), the Portal to Portal Act, 29 U.S.C. §§ 251, *et seq.,* and the Age Discrimination in Employment Act, 29 U.S.C. §§ 621, *et seq.*

A contrary conclusion was reached in *Usery v. Alleghany County Institution Dist.,* 544 F.2d 148 (3d Cir. 1976), in reversing dismissal of a complaint charging violation of the Equal Pay Act by a county hospital. The court held that the Supreme Court's *National League of Cities* opinion did not preclude application of the Equal Pay Act to a political subdivision of a state. This holding was based on the fact that the Equal Pay Act was a separate enactment. Moreover, even if it were considered as a more conventional amendment to the FLSA, the court gave decisional effect to the FLSA's separability clause, 29 U.S.C. § 219. Finally, the court upheld the constitutionality of the Equal Pay Act's prohibition of wage discrimination on the basis of

1. *National League of Cities v. Brennan,* D.C., 406 F.Supp. 826, 828 (1974), *citing Maryland v.*    *Wirtz,* 392 U.S. 183, 88 S.Ct. 2017, 20 L.Ed.2d 1020 (1968).

sex, in view of Congress's power under section 5 of the Fourteenth Amendment.[2] Most of the district courts that have considered the matter are apparently of the same view,[3] although some have agreed with the plaintiffs.[4]

This court will not grant the plaintiffs the decree now requested. The case they brought was concerned with the application of the minimum wage and overtime provisions of the FLSA to state and local governments. The applicability of the other statutory provisions keyed into the scope of the FLSA is not within the prayer of the complaint or formulation of the issues by the parties, nor within the realm of the discussion either by this court or by the Supreme Court.

## II. APPLICATION TO "NONTRADITIONAL" EMPLOYEES

■ A more difficult question is presented by the plaintiffs' prayer for a decree that will preclude application to any state and local government employees of any provisions regulating minimum wages and maximum hours, 29 U.S.C. §§ 206(a)–(c), 207. Justice Rehnquist's opinion in *National League of Cities* is limited to invalidating regulation, under the commerce clause, of the hours and wages of those state and local government employees engaged in activities integral to and traditionally provided by government.[5]

The issue for us is whether the Act, being constitutionally inapplicable to a substantial number of state and local government employees, is to be taken, as a matter of discerning legislative intent, as rendered inapplicable to all state and local government employees. We think not. The FLSA has a broad separability clause, dealing with the present situation of the invalidity of application to certain persons. It reads:

> *If* any provision of this chapter or *the application of such provision to any person or circumstance is held invalid,* the remainder of this chapter and the *application* of such provision *to other persons or circumstances shall not be affected* thereby. (Emphasis added.)

29 U.S.C. § 219. This separability provision is deliberately broad, and must be given full effect. *Opp Cotton Mills v. Administrator of Wage and Hour Division of Department of Labor,* 111 F.2d 23, 27 (5th Cir. 1940), aff'd, 312 U.S. 126, 61 S.Ct. 524, 85 L.Ed. 624 (1941).

The government has proposed that this court issue an order giving declaratory relief as follows:

> The application of the minimum wage and overtime provisions of sections 6(a), 6(b), 6(c) and 7 of the Fair Labor Standards Act, as amended, to the States and their political subdivisions is precluded insofar as those provisions operate to displace the States' freedom to structure integral operations in areas of traditional governmental functions.

We are concerned whether this relief adequately protects the plaintiffs. Justice Rehnquist's opinion in *National League of Cities* listed certain activities as within the traditional governmental functions test,[6]

---

**2.** *Allegheny County, supra,* 544 F.2d at 154–56.

**3.** *E. g., Christensen v. State of Iowa,* 417 F.Supp. 423 (N.D.Iowa 1976).

**4.** *E. g., Howard v. Ward County,* 418 F.Supp. 494 (D.N.D.1976).

**5.** Our examination of the effect of the 1974 amendments, as sought to be extended to the States and their political subdivisions, satisfies us that both the minimum wage and the maximum hour provisions will impermissibly interfere with the integral governmental functions of these bodies.

**6.** ". . . such areas as fire prevention, police protection, sanitation, public health, and parks and recreation." *National League of Cities, supra,* 426 U.S. at 851, 96 S.Ct. at 2474.

*National League of Cities, supra,* 426 U.S. at 851, 96 S.Ct. at 2473.

While there are obvious differences between the schools and hospitals involved in *Wirtz,* and the fire and police departments affected here, each provides an integral portion of those governmental services which the States and their political subdivisions have traditionally afforded their citizens. *Id.* 426 U.S. at 855, 96 S.Ct. at 2476.

and hence immune from federal hours and wages regulation. These were examples, not an exhaustive list.[7]

There is certainly a gray area, which will require elucidation in the factual settings presented by future cases. Employees asserting they are in nontraditional activities may claim that double damage penalties accrued pending the resolution. It may be appropriate to provide some protection to the state and local governments. We have requested counsel to submit memoranda with suggestions for appropriate relief.

Government counsel agreed at argument that in the meantime, pending the issuance of a decree, the Department of Labor will not institute or proceed with enforcement of the FLSA wage and hour provisions against state and local governmental entities. Hence, there is no need for a formal decree for interim relief. The court will proceed in due course to the framing of the final decree.

### DECLARATORY JUDGMENT

This matter is before the Court on remand from the Supreme Court for entry of an appropriate decree consistent with the Supreme Court's decision in *National League of Cities v. Usery,* 426 U.S. 833, 96 S.Ct. 2465, 49 L.Ed.2d 245 (1976). After considering the memoranda submitted by counsel and after hearing oral argument, this Court entered its Memorandum opinion of January 31, 1977.

The Secretary of Labor has since informed the Court that he proposes to publish, within thirty days of the entry of this judgment, an amendment to Title 29, Code of Federal Regulations, Part 775. The amendment would add two new sections, numbered 775.2 and 775.3, which are set forth in the appendix to this Judgment and are made a part thereof.

These proposed regulations provide protection to the cities and states of the kind · contemplated by our Memorandum opinion

of January 31, 1977. In the event the Labor Department issues a ruling with which plaintiffs or any member of their class disagrees, a court would have jurisdiction to enter such protective order as it may deem appropriate.

Therefore, in accordance with the Memorandum opinion of January 31, 1977,

█  It is DECLARED that the minimum wage and overtime compensation provisions of the Fair Labor Standards Act are not constitutionally applicable to the integral operations of the States and their political subdivisions in areas of traditional governmental functions. *National League of Cities, supra,* 96 S.Ct. at 2474.

And it is ORDERED that this Judgment be effective upon the publication of the amendment to Part 775 of Title 29, C.F.R., as set forth in the appendix hereto.

### APPENDIX

### SECTIONS TO BE ADDED TO 29 CFR, PART 775.

§ 775.2 Special Enforcement Policy Concerning States and Political Subdivisions.

(a) On June 24, 1976, the United States Supreme Court ruled in *National League of Cities, et al. v. Usery,* 426 U.S. 833, 96 S.Ct. 2465, 49 L.Ed.2d 245, that the minimum wage and overtime compensation provisions of the Fair Labor Standards Act (FLSA) are not constitutionally applicable to the integral operations of the States and their political subdivisions in areas of traditional governmental functions. Such areas include, among others, schools and hospitals, fire prevention, police protection, sanitation, public health, and parks and recreation. They do not include, among others, the operation of a railroad by ꞏa state. 96 S.Ct. at 2475, n. 18.

(b) In view of the *National League* decision, the Secretary will not file suit to enforce the minimum wage and overtime com-

---

7.  These examples are obviously not an exhaustive catalogue of the numerous line and support activities which are well within the

area of traditional operations of state and local governments.
*Id.* at 2474 n.16.

pensation provisions of the FLSA against a State or its political subdivision unless at least 30 days notice has first been given that, in the opinion of the Administrator, the activities in question are not integral operations in areas of traditional governmental functions. Such notice will be provided either by specific notification of the employing body in question or by general notification by publication in the Federal Register in the form of amendments to Section 775.3. A reasonable opportunity will be allowed the employing body, after the notice of the administrative determination, to come into compliance voluntarily before suit is brought.

(c) Each such notice will be made available to wage-hour reporting services and to any interested person or association, for information or further publication, except for deletions reasonably necessary to protect the privacy of individual employers and employees.

(d) Because of the complexity of the questions raised by the *National League* decision, it would be inappropriate to seek liquidated damages in addition to back pay in cases to enforce the minimum wage and overtime compensation provisions of the Act against States or their political subdivisions, except as to activities determined by prior controlling judicial decision, or by prior administrative ruling published in the Federal Register, not to be integral operations in areas of traditional governmental functions. The Secretary will therefore seek relief under Section 17, which does not authorize additional liquidated damages, and not under Section 16(c), as to activities not covered by such decision or ruling, or for periods of employment prior to the publication of such decision or ruling.

(e) As already noted, the *National League* decision applies only to the minimum wage and overtime compensation provisions of the FLSA. This paragraph and paragraph 775.3 accordingly do not apply to claims arising under:

(i) The Equal Pay Act of 1963 (see *Usery v. Allegheny Co. Institution Dist.*, 544 F.2d 148 (3rd Cir., 1976).

(ii) The Age Discrimination in Employment Act of 1967 (see *Usery v. Bd. of Educ. of Salt Lake City*, 421 F.Supp. 718 (D.Utah, 1976)).

(iii) The child labor provisions of the Fair Labor Standards Act.

(iv) The protective provisions of Section 15(a)(3) of the Act, making it unlawful to discriminate against any employee for participating or assisting in FLSA proceedings.

§ 775.3  Nontraditional Functions of States and their Political Subdivisions.

(a) In the *National League* decision, it was made clear that the operation of a railroad by a State or its political subdivision is not an integral operation in the area of traditional governmental functions. 96 S.Ct. 2465, 2475, n. 18.

(b) From time to time, this Section will be amended to list other operations determined by the Courts or by the Administrator not to be such integral operations. Listing in this Section will serve as a form of notice under the provisions of Section 775.-2(b).