United States Court of Appeals,

Eleventh Circuit.

No. 96-2927.

Samuel L. DAY, Plaintiff-Appellant,

v.

LIBERTY NATIONAL LIFE INSURANCE COMPANY, Defendant-Appellee.

Sept. 22, 1997.

Appeal from the United States District Court for the Northern District of Florida. (No. 94-50124/RV), Roger Vinson, Judge.

Before CARNES, Circuit Judge, and HENDERSON and FLOYD R. GIBSON[*], Senior Circuit Judges.

PER CURIAM:

Samuel L. Day filed this action pursuant to the Age Discrimination in Employment Act ("ADEA")[1] charging that the defendant, Liberty National Life Insurance Company ("Liberty"), discriminated against him because of his age when it terminated his employment. Following a mistrial, the jury in the second trial concluded that age was a determining factor in Liberty's decision to discharge Day and awarded him $300,000.00 in back pay and compensatory damages. The jury also found, however, that there was no willful violation of the ADEA by the company. Liberty then filed a motion to alter or amend the judgment, contending for the first time that Day's recovery of compensatory damages alone was barred by the statute of limitations. The district court granted the motion and entered a judgment for Liberty. Day filed this timely appeal from that judgment. For the reasons that follow, we reverse the order of the district court and direct that the jury's award be reinstated.

I. FACTS

---

[*]Honorable Floyd R. Gibson, Senior U.S. Circuit Judge for the Eighth Circuit, sitting by designation.

[1]29 U.S.C. § 621 et seq.

Day was born in January, 1939 and began working for Liberty in March of 1970 as a sales agent. He received many honors over the term of his employment for his sales production. In the years just before his termination in May, 1991, however, Day claims to have been negatively impacted by company policies and attitudes against older employees. Jack Brown, President of Liberty, took responsibility for Day's dismissal, giving as the reason his high claims loss ratio. Day was never warned of the company's dissatisfaction with that or any other problem nor was he given any training to correct any perceived deficiencies in his performance prior to his termination.

Day filed this action *pro se* on April 29, 1994. The complaint alleged in part: "Plaintiff received a determination three days before his two year statute expired stating that he had three years to file a lawsuit. Plaintiff brings this lawsuit within three years of the discriminatory discharge to challenge intentional and willful violations" of the ADEA.[2] In its answer, Liberty asserted several affirmative defenses but did not plead the statute of limitations as an affirmative defense.[3] At the time of the events giving rise to this litigation, the ADEA incorporated the two-tiered statute of limitations contained in the Portal-to-Portal Pay Act of 1947. *See* 29 U.S.C. § 626(e)(1). That statute provided that an action would be "forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued...." 29 U.S.C. § 255(a). Day filed this suit more than two years but less than three years after his cause of action arose.

Prior to the first trial, the parties filed a joint pretrial stipulation of all the legal and factual issues to be decided by the court and jury. Liberty did not raise any issue which could be construed as a limitations defense. The first proceeding ended in a mistrial after the jury failed to reach a verdict. In the two months intervening between the first and second trial of the case, Liberty did not move to amend the pretrial stipulation or file any other pleading invoking a statute of limitations defense. At the conclusion of the second trial, the jury returned a special verdict finding that "age

---

[2]R.1-1, Complaint at ¶ 2.

[3]R.1-3, Answer and Affirmative Defenses at WW 16-17.

was a determining factor" in the termination of Day's employment and awarded Day $300,000.00 in back pay and compensatory damages. In response to a third interrogatory, the jury found that Liberty's violation of the ADEA was not willful. A notation under that question on the verdict form informed the jury that "[i]f you answer "Yes', the Court will double the amount of damages you found in Question No. 2."

After the jury returned its verdict, Liberty for the first time suggested to the district court that the jury's finding that the violation was not willful barred any recovery by Day under the two-year statute of limitations for non-willful violations of the ADEA. The transcript reveals that both the district court and plaintiff's counsel were surprised by this assertion, and the court told the parties to brief the issue. The district court then entered a final judgment in Day's favor for $300,000.00 in accordance with the jury's verdict.

Liberty subsequently filed a Fed.R.Civ.P. 59 motion to alter or amend the judgment, arguing that any recovery was barred by the statute of limitations. Day also filed a Rule 59 motion, urging that the jury's finding of non-willfulness was against the great weight of the evidence and that he was entitled to have the compensatory damages awarded by the jury doubled by the court.[4] The district court denied Day's motion, granted Liberty's motion to alter or amend on the statute of limitations issue and entered a final judgment in favor of the defendant. Day filed this appeal from that final judgment.

---

[4]In his motion to alter or amend, Day also contended that the jury instructions and verdict form were in error since the notation following the third question informed the jury that a "yes" answer would lead to a doubling of the amount awarded in response to the second question but did not advise the jury that a "no" answer would lead to no recovery by Day. The district court rejected this contention on the ground that "the plaintiff did not object to the instructions or verdict form at trial...." (Order dated June 12, 1996 at 4).

On appeal, Day claims that he did preserve his objection to the jury instructions. The transcript of the jury charge conference discloses that Day did object to the jury verdict form, specifically to the notation following the third question that damages would be doubled if the jury found that Liberty acted willfully. The district court overruled Day's objection to the text of the verdict form. While Day is thus correct about this point, he does not tie it to any specific requested relief. Given that we are reinstating the jury's verdict, it is not necessary to further address this question.

## II. STANDARD OF REVIEW

We review the district court's grant of a Rule 59 motion for an abuse of discretion. *See, e.g., Region 8 Forest Service Timber Purchasers Council v. Alcock,* 993 F.2d 800, 806 (11th Cir.1993).

## III. DISCUSSION

*A. Statute of Limitations.*

On appeal, Day alleges that the district court abused its discretion in granting Liberty's motion to alter or amend based on the two-year limitations period. He argues that Liberty waived the statute of limitations defense because it was not asserted in its answer to the complaint or at any other point in the first or second trial before the jury returned its verdict in his favor. He notes that Liberty did not refer to any limitations problem in its pretrial stipulations or make any motions during trial based on his failure to file within the limitations period.

Liberty concedes that it did not raise the limitations defense but points out that Day's complaint specifically stated that it was brought within three years seeking redress for intentional and willful violations of the ADEA. Therefore, according to Liberty, proving that it acted willfully was an element of Day's cause of action. That issue was submitted to the jury, and the jury decided it adversely to Day.

The statute of limitations is an affirmative defense which must be specifically pled. Fed.R.Civ.P. 8(c). This court has held in a number of discrimination actions that failure to plead the bar of the statute of limitations constitutes a waiver of the defense. *See, e.g., E.E.O.C. v. White & Son Enterprises,* 881 F.2d 1006, 1009 (11th Cir.1989)(statute of limitations must be expressly pleaded and included in pretrial order or it is waived). Thus, in *Paetz v. U.S.,* 795 F.2d 1533, 1536 (11th Cir.1986), a panel of this court ruled that the government's failure to interpose the statute of limitations constituted waiver of the defense. According to the court, "[w]e need not determine the date on which the applicable statute of limitations began to run. A statute of limitations defense is an affirmative defense.... Failure to assert such a defense in a defendant's pleadings is a waiver....

The government did not plead a statute of limitations defense in 1975; the defense is waived." *Id.* (citations omitted).

Liberty denies that its failure to raise the statute of limitations in a timely fashion prejudiced Day because the complaint itself interjected the issue into the case. This assertion is without merit. First, Day's complaint was drafted and filed *pro se* by someone who clearly had no legal training. Furthermore, regardless of the allegations of a complaint, the federal rules specifically require that the affirmative defense of the statute of limitations be separately pled. At no point from the filing of the complaint until the return of the jury's verdict in the second trial did Liberty even suggest that it was relying on a limitations defense or that Day's recovery would be barred unless he established a willful violation of the ADEA. In its trial brief and other filings, Liberty suggested that willfulness was relevant only to determining whether Day was entitled to liquidated damages.

The Seventh Circuit Court of Appeals considered a similar problem involving the ADEA's two-tiered limitations period in *Heiar v. Crawford County,* 746 F.2d 1190 (7th Cir.1984), *cert. denied,* 472 U.S. 1027, 105 S.Ct. 3500, 87 L.Ed.2d 631 (1985). In that case, the County pled the statute of limitations in its answer but did not allude to the matter again in the district court. The County attempted to raise it before the appellate court which rejected the effort. Of particular importance to the court was the fact that "had the plaintiffs known that this statute of limitations was in play they might have presented evidence in the district court to show that the defendants had tolled it...." *Id.* at 1197. Similarly, in this case, if Liberty had brought the limitations issue to the attention of the court during the second trial, Day could have offered evidence that the statute was tolled during some period of time or have insisted that the jury instructions reflect the effect of the statute of limitations on any possible recovery by him. Since Liberty did not refer to the limitations question until after the jury returned its verdict, those options were not available to Day.

While there does not appear to be any case where this court has reviewed a district court order permitting a defendant to assert a statute of limitations defense after a jury verdict, this court's predecessor affirmed a district court's rejection of such an effort. In an early age discrimination

5

case, the defendant raised the statute of limitations for the first time in a motion for judgment notwithstanding the verdict. *Pearce v. Wichita County,* 590 F.2d 128 (5th Cir.1979). The former Fifth Circuit Court of Appeals noted that "[a]ppellant did not raise the defense in its pleadings or in objection to the court's jury instructions.... Consequently, appellant has waived any objection to the limitations period." *Id.* at 134. The circumstances in this case are virtually the same. Accordingly, the district court erred in granting Liberty's Rule 59 motion.[5]

*B. Liquidated Damages.*

Day also appeals the district court's denial of his motion to alter or amend the judgment to award liquidated damages based on the jury's finding that his dismissal by Liberty was not willful.

Under the ADEA, an employee is entitled to liquidated damages only for a willful violation of the statute. Willfulness exists when the employer knew its conduct was prohibited or showed reckless disregard for whether its conduct was prohibited by the ADEA. *See Trans World Airlines, Inc. v. Thurston,* 469 U.S. 111, 105 S.Ct. 613, 83 L.Ed.2d 523 (1985). Generally, willfulness is a question of fact for the jury, and the jury's finding on that issue is not to be readily disturbed. *See Castle v. Sangamo Weston, Inc.,* 837 F.2d 1550, 1561 (11th Cir.1988).

Day maintains that the evidence shows that Liberty pursued discriminatory policies based on age. The evidence in the record before us leaves room for reasonable minds to differ and does not appear to establish that point conclusively. The jury heard that evidence and reached the contrary determination. The district court did not err in refusing to overturn that finding and award Day liquidated damages.

---

[5]We note also that it is the law of this circuit that a defendant can waive a potentially viable defense by failing to ensure that the issue is clearly preserved in the pretrial order. *See Hodges v. United States,* 597 F.2d 1014, 1017 (5th Cir.1979). This court recently held that a municipal defendant in a civil rights case could not avail itself of the defense provided by *Monell v. Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), that a city may not be liable unless the individually named defendant is the final policymaker with respect to that issue, when the city did not preserve the issue for trial in the district court. *Morro v. City of Birmingham,* 117 F.3d 508 (11th Cir.1997). This was true even though the court had "little doubt that the City would be entitled to escape the judgment against it on that basis." *Id.* at 515.

Accordingly, that portion of the district court's order granting Liberty's motion to alter or amend is REVERSED and the portion of the order denying Day's motion is AFFIRMED. We reinstate the jury verdict of an ADEA violation and its award of back pay and compensatory damages in favor of Day. *See Castle v. Sangamo Weston, Inc.,* 837 F.2d at 1563.

REVERSED in part and AFFIRMED in part.