

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-11-2002

# Robinson v. Johnson

Precedential or Non-Precedential:

Docket 0-1979

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Robinson v. Johnson" (2002). *2002 Decisions.* Paper 165.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/165

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

Filed March 11, 2002

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 00-1979

ERIC ROBINSON,
        Appellant,

v.

PHILIP L. JOHNSON; THE DISTRICT ATTORNEY OF THE
COUNTY OF PHILADELPHIA; THE ATTORNEY GENERAL
OF THE STATE OF PENNSYLVANIA, MIKE FISHER

APPEAL FROM THE
UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. No. 98-cv-05095)
District Judge: The Honorable Herbert J. Hutton

ARGUED OCTOBER 29, 2001

Before: SLOVITER, NYGAARD, and AMBRO,
Circuit Judges.

(Filed: March 11, 2002)

Paul Rosenzweig, Esq. (Argued)
Suite 300
516 C Street, N.E.
Washington, DC 20002

  Counsel for Appellant

David C. Glebe, Esq. (Argued)
Office of the District Attorney
1421 Arch Street
Philadelphia, PA 19102

  Counsel for Appellees

OPINION OF THE COURT

NYGAARD, Circuit Judge.

This case arises out of a federal habeas corpus action brought by a prisoner in state custody. The Commonwealth1 originally argued that the prisoner's petition was successive and should therefore be dismissed. The District Court dismissed the petition as successive, and the prisoner appealed. On appeal, the Commonwealth conceded that the petition actually was not successive, but offered no alternative legal grounds upon which we could have affirmed the District Court's decision. Thus, we remanded. On remand, the Commonwealth argued for the first time that the prisoner's petition was barred by the applicable one-year statute of limitations. The prisoner objected to the untimeliness of the Commonwealth's assertion of its limitations defense, but the District Court dismissed the habeas petition as time-barred.

On appeal, the prisoner argues (1) that the Commonwealth waived its limitations defense, or in the alternative, (2) that if the Commonwealth did not waive its limitations defense, then he is entitled to an evidentiary hearing to determine if the statute of limitations should be equitably tolled because the Commonwealth allegedly

_____

1. "Commonwealth" will be used throughout this opinion to refer to the Appellees collectively.

2

deprived him of the legal papers necessary to file his petition in a timely fashion. Because we find that the Commonwealth did not raise its affirmative defense at the earliest practicable moment, we hold that the Commonwealth waived its limitations defense.2 We will therefore reverse and remand.

I.

Appellant, Eric Robinson, was convicted in a bench trial before the Court of Common Pleas of Philadelphia of first degree murder, conspiracy, theft by unlawful taking, robbery, and possession of an instrument of crime. He was sentenced to life imprisonment for the murder conviction and a concurrent aggregate sentence of twenty to thirty-five years imprisonment on the remaining counts.

Robinson filed a direct appeal in the Pennsylvania Superior Court, which affirmed the judgment. See Commonwealth v. Robinson, 481 A.2d 1376 (Pa. Super. 1984) (table). The Pennsylvania Supreme Court denied Robinson's request for discretionary review. This ended the direct review of Robinson's case.

Robinson then filed a pro se petition for collateral relief under the Pennsylvania Post Conviction Hearing Act ("PCHA"),3 42 Pa. Cons. Stat. Ann. SS 9541 et seq. (1984), alleging ineffective assistance of counsel. The court appointed counsel to represent Robinson, and it subsequently denied his petition for relief. This denial of collateral relief was affirmed by the Pennsylvania Superior Court. See Commonwealth v. Robinson, 563 A.2d 194 (Pa. Super. 1989) (table). Robinson did not petition for allocatur with the Pennsylvania Supreme Court.

On August 29, 1991, Robinson filed his first federal habeas petition alleging ineffective assistance of trial counsel, insufficiency of evidence, and violation of the Fourth Amendment. A Magistrate Judge issued a Report

_____

2. Thus, we will not address the equitable tolling argument.

3. The Post Conviction Hearing Act has since been substantially amended and is now titled the Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann. SS 9541 et seq. (2000).

and Recommendation which concluded that Robinson's failure to pursue discretionary review in the Pennsylvania Supreme Court of the ineffective assistance of counsel claim constituted a procedural default. The District Court adopted the Magistrate's Report and Recommendation, concluding that the ineffectiveness claim had been procedurally defaulted. See Order, Robinson v. Vaughn, No. 91-5422 (E.D. Pa. Dec. 17, 1991).

Robinson appealed that decision, and we denied Robinson's request for issuance of a certificate of probable cause because of Robinson's failure to exhaust his state remedies. See Order, Robinson v. Vaughn , No. 91-2107 (3d Cir. Apr. 8, 1992). Thus, as to the ineffectiveness claim, Robinson's first federal habeas petition was dismissed so that he could exhaust his remedies in the Commonwealth.

Robinson returned to the Commonwealth courts and filed a second petition under the PCRA, again alleging ineffective assistance of his trial counsel and now also alleging the ineffectiveness of his appellate counsel. This application was denied, and Robinson did not appeal.

Robinson filed a third state application for post-conviction relief. That petition was denied by the Court of Common Pleas. Robinson then appealed to the Pennsylvania Superior Court, which affirmed the denial. See Commonwealth v. Robinson, No. 03093 Phila. 1994, 679 A.2d 257 (Pa. Super. 1996) (table). Robinson petitioned for, and was denied, allocatur by the Pennsylvania Supreme Court. See Commonwealth v. Robinson, 683 A.2d 880 (Pa. 1996) (table).

Robinson filed his second federal habeas petition, which is the one at issue in this appeal, on September 5, 1998, alleging ineffective assistance of counsel as a ground for habeas relief. His petition also reasserts as grounds for habeas relief the insufficiency of the evidence against him and the allegedly unlawful seizure of evidence in violation of the Fourth Amendment.

Robinson's petition was referred to a Magistrate Judge who ordered a responsive pleading including "specific and detailed answers and a brief or memorandum of law in support thereof" from the Office of the District Attorney of

Philadelphia on November 10, 1998. On January 27, 1999, the District Attorney filed a letter pleading which argued that Robinson's petition should be transferred to the Court of Appeals for the Third Circuit because it was a successive petition. The District Attorney contended that the denial of Robinson's first federal habeas petition in 1991 precluded relief because he had not received permission for a successive petition from this Court as is required by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. SS 2241 et seq. The Magistrate Judge recommended denying Robinson's second federal habeas petition, and on April 26, 1999, the District Court accepted the Magistrate Judge's recommendation and denied the petition.

Robinson appealed that decision, and we ordered the District Attorney to show cause why the order dismissing the petition should not be summarily reversed in light of our decision in Christy v. Horn, 115 F.3d 201, 208 (3d Cir. 1997), where we held that when a federal habeas petition has been dismissed without prejudice for failure to exhaust state remedies, a petitioner, after exhausting his state remedies, need not apply to the court of appeals for authorization to file a federal habeas action, but may file his petition in the district court as if it were his first such filing. On December 23, 1999, the District Attorney filed a letter brief conceding that Robinson's second federal habeas petition indeed was not successive. The District Attorney did not present any alternative legal grounds for affirming the District Court's conclusion. Thus, we accepted the Commonwealth's concession and summarily reversed and remanded.

On remand, Robinson filed a motion to strike his original petition and for permission to file an amended petition which the Magistrate Judge granted. The District Attorney moved for reconsideration of the order permitting Robinson to amend his petition. Then on March 30, 2000, the District Attorney asserted that Robinson's second federal habeas petition was time-barred by the limitations provision of the AEDPA, 28 U.S.C. S 2244(d). Robinson, in return, argued that the Commonwealth's statute of limitations defense was untimely.

5

The Magistrate Judge vacated his initial order granting Robinson leave to amend his petition, and instead substituted a Report and Recommendation adopting the District Attorney's argument that Robinson's second federal habeas petition should be dismissed on statute of limitations grounds. In particular, the Magistrate Judge concluded that (1) Robinson's third state petition had not been "properly filed" because it involved claims subject to a state procedural default rule and did not toll the period of limitations; (2) therefore, Robinson's second federal habeas petition was required to be filed on or before April 23, 1997; (3) alternatively, if the third state habeas petition had been "properly filed," then Robinson's second federal habeas petition should have been filed on or before September 25, 1997; and (4) finally, because Robinson had access to his legal papers for eleven of the twelve months prior to the expiration of the September 1997 limitations period, the period of limitations should not be equitably tolled.

The District Court adopted the Magistrate Judge's Report and Recommendation over Robinson's renewed objection that the Commonwealth had waived its limitations defense and Robinson's further proffer regarding the efforts he had made to acquire his legal papers. Robinson noted a timely appeal, and the District Court granted his request for a certificate of appealability.4 Robinson was granted leave to proceed in forma pauperis, and we appointed counsel to represent him.

II.

A.

Our first question is whether it is even possible for a State to waive its AEDPA limitations defense, an issue which we have not yet specifically addressed. The statute of

_____

4. Although Robinson moved in the Court of Appeals for a certificate of appealability, it was the District Court which granted the request. This is not a problem since the District Court may grant sua sponte a certificate of appealability. See Dunn v. Colleran, 247 F.3d 450, 456 (3d Cir. 2001).

limitations provision of the AEDPA provides, in pertinent part:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

28 U.S.C. S 2244(d)(1)(A). The District Court dismissed Robinson's habeas petition because it was filed beyond this 1-year period of limitation.

The law of this Circuit clearly holds that the limitations provision of the AEDPA is not jurisdictional in nature. See Miller v. New Jersey State Dep't of Corr., 145 F.3d 616, 617-18 (3d Cir. 1998). As such, it is subject to equitable modifications such as tolling. Id. (citing Oshiver v. Levin, Fishbeign, Sedran & Berman, 38 F.3d 1380, 1387 (3d Cir. 1994)).

Other courts of appeals (which, like us, do not view the AEDPA limitations period as jurisdictional) have held that a limitations defense may be waived by a State defendant in a habeas proceeding. See, e.g., Green v. United States, 260 F.3d 78, 85 (2d Cir. 2001) (finding that "the government [had] expressly waive[d] its [AEDPA] statute of limitations defense by advocating a remand and `suggesting' the conditions for that remand"); Saucier v. Warden, N.H. State Prison, 215 F.3d 1312 (table), 2000 WL 739713 (1st Cir. 2000) (unpublished opinion) (finding that government did not waive its AEDPA statute of limitations defense, even though it did not assert the defense in its answer, where the petitioner showed no prejudice; thus implying that government waiver is possible); Scott v. Johnson , 227 F.3d 260 (5th Cir. 2000) (finding that the government did not waive its AEDPA statute of limitations defense, thus implying that government waiver is possible); Samuel v. Duncan, 92 F.3d 1194 (9th Cir. 1996) (table) (unpublished opinion) (AEDPA statute of limitations defense can be waived).

7

We join these courts of appeals and now hold that because the AEDPA limitations period is subject to equitable modifications such as tolling, it is also subject to other non-jurisdictional, equitable considerations, such as waiver.

B.

Parties are generally required to assert affirmative defenses early in litigation, so they may be ruled upon, prejudice may be avoided, and judicial resources may be conserved. Habeas proceedings are no exception. Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts (the "Habeas Rules") makes the Federal Rules of Civil Procedure applicable to habeas petitions to the extent they are not inconsistent with the Habeas Rules. Federal Rule of Civil Procedure 8(c) requires that a defendant plead an affirmative defense, such as a statute of limitations defense, in his answer. Rule 8(c) states:

> Affirmative Defenses. In pleading to a preceding pleading, a party shall set forth affirmatively . . . statute of limitations . . . and any other matter constituting an avoidance or affirmative defense.

Fed. R. Civ. P. 8(c).

The purpose of requiring the defendant to plead available affirmative defenses in his answer is to avoid surprise and undue prejudice by providing the plaintiff with notice and the opportunity to demonstrate why the affirmative defense should not succeed. See Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found., 402 U.S. 313, 350 (1971); see also Williams v. Ashland Eng'g Co., 45 F.3d 588, 593 (1st Cir. 1995) ("The purpose of Rule 8(c) is to give the court and the other parties fair warning that a particular line of defense will be pursued."); Grant v. Preferred Research, Inc. , 885 F.2d 795, 797 (11th Cir. 1989) ("The Supreme Court has held that the purpose of Rule 8(c) is to give the opposing party notice of the affirmative defense and a chance to rebut it.") (citing Blonder-Tongue); Marino v. Otis Eng'g Corp. , 839 F.2d 1404, 1408 (10th Cir. 1988) ("The purpose behind rule 8(c) . . . [is to] put[ ] `plaintiff on notice well in advance of trial that

8

defendant intends to present a defense in the nature of an avoidance.") (citations omitted); Perez v. United States, 830 F.2d 54, 57 (5th Cir. 1987) ("The central purpose of the Rule 8(c) requirement that affirmative defenses be pled is to prevent unfair surprise. `A defendant should not be permitted to `lie behind a log' and ambush a plaintiff with an unexpected defense.' ").

Technically, the Federal Rules of Civil Procedure require that affirmative defenses be pleaded in the answer. Rule 12(b) states that "[e]very defense . . . shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion . . . ." The defenses listed in Rule 12(b) do not include limitations defenses. Thus, a limitations defense must be raised in the answer, since Rule 12(b) does not permit it to be raised by motion. However, the law of this Circuit (the so-called "Third Circuit Rule") permits a limitations defense to be raised by a motion under Rule 12(b)(6), but only if "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations."[5]  Hanna v. U.S. Veterans'

---

5. The "Third Circuit Rule" dates back at least to 1948 when we recognized in Hartmann v. Time, Inc., 166 F.2d 127, 139 (3d Cir. 1948), that affirmative defenses are ordinarily pleaded pursuant to Fed. R. Civ. P. 8(c), but that the defense could be raised in other ways. See also Williams v. Murdoch, 330 F.2d 745, 749 (3d Cir. 1964) (affirmative defense of res judicata may be raised by a motion to dismiss or by an answer); Cito v. Bridgewater Twp. Police Dep't , 892 F.2d 23, 25 (3d Cir. 1989) ("When reviewing a Rule 12(b)(6) dismissal on statute of limitations grounds, we must determine whether `the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations.' " (citations omitted)); Davis v. Grusemeyer, 996 F.2d 617, 623 (3d Cir. 1993) (quoting Cito); Oshiver v. Levin, Fishbeign, Sedran & Berman, 38 F.3d 1380, 1385 n.1 (3d Cir. 1994) ("While the language of Fed. R. Civ. P. 8(c) indicates that a statute of limitations defense cannot be used in the context of Rule 12(b)(6) motion to dismiss, an exception is made where the complaint facially shows noncompliance with the limitations period and the affirmative defense clearly appears on the face of the pleading."); Rycoline Prods., Inc. v. C&W Unlimited, 109 F.3d 883, 886 (3d Cir. 1997) (affirmative defense must be apparent on the face of the complaint to be subject to a Rule 12(b)(6) motion to dismiss).

Admin. Hosp., 514 F.2d 1092, 1094 (3d Cir. 1975). "If the bar is not apparent on the face of the complaint, then it may not afford the basis for a dismissal of the complaint under Rule 12(b)(6)." Bethel v. Jendoco Constr. Corp., 570 F.2d 1168, 1174 (3d Cir. 1978).

The Commonwealth argues, and we agree, that a limitations defense does not necessarily have to be raised in the answer. But it does not follow that a limitations defense can be raised at any time. Consistent with the purpose of Rule 8(c), courts require that defendants assert a limitations defense as early as reasonably possible. See Davis v. Bryan, 810 F.2d 42 (2d Cir. 1987) ("The statute of limitations is an affirmative defense under Fed. R. Civ. P. 8(c) that must be asserted in a party's responsive pleading `at the earliest possible moment' and is a personal defense that is waived if not promptly pleaded.") (citations omitted); Banks v. Chesapeake & Potomac Tel. Co., 802 F.2d 1416 (D.C. Cir. 1986); Paetz v. United States, 795 F.2d 1533 (11th Cir. 1986); Hopkins v. Andaya, 958 F.2d 881 (9th Cir. 1992); Day v. Liberty Nat. Life Ins. Co., 122 F.3d 1012, 1015–16 (11th Cir. 1997) (employer waived statute of limitations defense to AEDPA claim by not raising it until after a jury verdict in its motion to alter or amend judgment).

Courts routinely consider the timeliness of a limitations defense. Although some have adhered to the strict language of Rule 8(c), which requires that a limitations defense be raised in the answer, others have considered the stage of the proceedings at which the limitations defense is first raised. For example, the Seventh Circuit in Venters v. City of Delphi, 123 F.3d 956 (7th Cir. 1997), found that the defendants waived their statute of limitations defense when they did not raise it until late in the proceedings. In Venters, the defendants did not include their statute of limitations defense in their answer to the original and amended complaints. Id. at 968. Instead,"the first and only mention of the statute of limitations came in their reply memorandum in support of the motion for summary judgment, submitted a year after the case was filed." Id. The court acknowledged that many cases "recognize that the failure to plead an affirmative defense can be harmless,

10

notwithstanding the terms of Rule 8(c)," id. , but found that in this case the defendants had deprived the plaintiff of fair notice and a reasonable opportunity to respond to their affirmative defense by not raising it until "the parties had largely completed an exhaustive discovery process, and the scheduled trial date was only a month away." Id. See also Strauss v. Douglas Aircraft Co., 404 F.2d 1152, 1155 (2d Cir. 1968) ("[W]here the party seeking to amend [the answer] wishes to raise a defense of limitations long after the answer was first filed, a court would be remiss if it did not carefully balance the effects of such action for it is manifest that risk of substantial prejudice increases in proportion to the length of defendant's delay in seeking the amendment. . . . In sum, the party wishing to raise the defense is obliged to plead the Statute of Limitations at the earliest possible moment."); Hayden v. Ford Motor Co., 497 F.2d 1292, 1295 (6th Cir. 1974) ("Whatever the motives behind the plaintiff's and defendant's pleading strategy, to allow the defendant to raise the bar of the statute of limitations after so long a delay [thirty months] and after so many intervening acts had occurred, would make a mockery of the intent and purpose of the statute of limitations."); Int'l Bhd. of Boilermakers, Local 1603 v. Transue & Williams Corp., 879 F.2d 1388, 1396 n.3 (6th Cir. 1989) (rejecting limitations defense as untimely when first raised in a motion to amend the district court's judgment over a year after the suit was filed).

We have even found a limitations defense to be waived where it was pleaded in the answer, but where it was not pursued before trial. In Bradford–White Corp. v. Ernst & Whinney, 872 F.2d 1153 (3d Cir. 1989), the defendant raised the statute of limitations defense in its answer, but "it did not file a motion or present argument before the district court on the statute of limitations issue at any time before or at the trial." Id. Then, following a trial and jury verdict, the defendant attempted to raise its statute of limitations defense in post–trial motions. Id. at 1154. We did not permit this, finding that "it would be grossly unfair to allow a plaintiff to go to the expense of trying a case only to be met by a new defense after trial." Id. at 1161.

All of these cases reflect, in one form or another, attempts by the courts to keep the consideration of

11

affirmative defenses consistent with at least the purpose, if not necessarily the language, of Rule 8(c). Affirmative defenses must be raised as early as practicable, not only to avoid prejudice, but also to promote judicial economy. If a party has a successful affirmative defense, raising that defense as early as possible, and permitting a court to rule on it, may terminate the proceedings at that point without wasting precious legal and judicial resources.

We hold, therefore, that affirmative defenses under the AEDPA should be treated the same as affirmative defenses in other contexts, and, if not pleaded in the answer, they must be raised at the earliest practicable moment thereafter.

The Commonwealth argues that the question of whether Robinson's petition was successive was "logically and conceptually prior" to the question of whether the petition was time-barred. In support, the Commonwealth points out that if Robinson's petition were successive, then no matter what it contained nor whether or not it was timely, the petition could have been dismissed. We disagree. Although the Commonwealth is correct that if the petition were successive then it could be disposed of no matter if it were timely or not, the Commonwealth fails to recognize that the converse is equally true -- that is, if the petition were time-barred, it did not matter whether the petition were successive or not. There is no logical or conceptual priority to the limitations defense.

The Commonwealth took this argument one step further during oral argument by pointing to statutory language which supports its position that successivity defenses should be addressed before limitations defenses. This is not an argument that the successivity defense is logically or conceptually prior to the limitations defense, but is an argument that successivity is statutorily prior to limitations. As we will explain, there is some merit to this argument, but even accepting it as true does not save the Commonwealth's defense.

The Commonwealth's argument rests upon the statutory language of 28 U.S.C. S 2244(b)(3)(A). That section states:

12

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. S 2244(b)(3)(A). The Commonwealth placed great reliance during oral argument upon the statute's use of the word "before." Because a successive petition may not be filed in the district court "before" the habeas petitioner obtains an order from a court of appeals, the Commonwealth argues that successivity defenses must be considered before limitations defenses; thus, there is a priority between the two created by the text of the statute itself. We agree. But the Commonwealth's larger argument still fails for two reasons: one textual and one equitable.

First, the language of S 2244(b)(3)(A) places a limitation upon habeas petitioners, and, by implication, upon district courts. That subsection does not permit a habeas petitioner to file a successive petition in a district court without first obtaining an authorizing order from a court of appeals. Since a successive petition may not be filed in the district court without such an order, the statute also impliedly limits the ability of a district court to consider a successive petition. While the text of the statute thus limits habeas petitioners and district courts, it does not limit in any way the Commonwealth or a court of appeals. There is nothing whatsoever in S 2244(b)(3)(A) which prohibits the Commonwealth from complying with the standard practice of asserting all affirmative defenses early in litigation. The Commonwealth could have raised its limitations defense in the District Court along with its successivity defense; nothing in the statute prevented it from doing so. Furthermore, nothing in S 2244(b)(3)(A) limits a court of appeals from considering a limitations defense as an alternative legal ground supporting a District Court's decision. Here, at minimum, when the Commonwealth conceded before us that Robinson's petition was not successive, it could have asserted its limitations defense as an alternative legal ground upon which we could have affirmed the District Court's order dismissing Robinson's habeas petition. Doing so would not have contravened

13

S 2244(b)(3)(A) in any way. Thus, the Commonwealth could have raised its limitations defense at the earliest practicable moment before the District Court or, at the latest, before us on its first appeal from the District Court's order without offending any statutory provision.

The second reason why the Commonwealth's position fails is equitable. We must not forget that while all of this legal wrangling goes on, Robinson has been waiting for someone to hear the merits of his habeas petition. Robinson's ordeal has been prolonged only because of the Commonwealth's mistake. Robinson filed a habeas petition. It was not successive, but the Commonwealth argued that it was. The District Court agreed with the Commonwealth, and Robinson was forced to appeal to vindicate his position. When asked on appeal to show cause why the District Court's order should not be summarily reversed, the Commonwealth suddenly saw the light and realized that Robinson's petition actually was not successive. The Commonwealth had erred. After the case was remanded, and after Robinson had been granted permission to file an amended complaint, the Commonwealth finally raised its limitations defense. This appeal ensued. Meanwhile, Robinson has been waiting in prison. If the Commonwealth had successfully raised its limitations defense in a timely manner, Robinson's equitable tolling argument may have been addressed, and if he were successful, there may well have been by now a hearing on the merits of Robinson's petition. We think it would be patently unfair to penalize Robinson for the Commonwealth's error. A rule requiring the Commonwealth to raise all its affirmative defenses at the earliest practicable moment will prevent unfairness of this kind.

C.

We must now apply the rule to the facts of this case. The following facts are undisputed:

    1. Robinson filed this habeas action on September 25, 1998.

    2. The Commonwealth filed its responsive pleading on January 27, 1999, in which it argued that

14

Robinson's petition was successful and should not be heard by the District Court, but the Commonwealth did not argue in the alternative that the petition was time-barred.

3. On April 26, 1999, the District Court accepted the Commonwealth's argument and denied the petition as successive.

4. Robinson appealed to this Court.

5. On December 23, 1999, the Commonwealth conceded in its response before this Court that Robinson's petition was not successive, but the Commonwealth did not offer its statute of limitations defense as an alternative ground upon which to affirm to the District Court.

6. The case was remanded, and the Magistrate Judge granted Robinson's motion to amend his petition.

7. On March 30, 2000, in a motion to reconsider the order granting permission to amend, the Commonwealth asserted for the first time that Robinson's petition was time barred.

These facts show that the Commonwealth did not raise its affirmative limitations defense at the earliest practicable moment, as we require. There were at least three points at which the Commonwealth could have easily asserted its limitations defense, but it failed to do so each time: (1) when it defended against the petition before the Magistrate Judge only on exhaustion grounds; (2) when it defended against the petition before the District Court only on exhaustion grounds; and (3) when it withdrew its exhaustion defense before this Court without asserting any alternative legal grounds upon which the District Court's order could have been affirmed.

The Commonwealth waited until after the Magistrate Judge had granted Robinson's motion to amend his petition before finally asserting its limitations defense-- over one and a half years after Robinson`s petition was first filed. This was hardly the earliest practicable moment. It is not simply the passage of one and a half years that makes the Commonwealth's defense untimely, but it is the fact that

15

court proceedings were on-going during that time where the Commonwealth was presented with numerous opportunities to raise its limitations defense, and it failed to do so each time. The Commonwealth did not raise its affirmative limitations defense at the earliest practicable moment; therefore, we hold that it waived that defense.

III.

In sum, and for the above reasons, we hold that the Commonwealth waived its limitations defense to Robinson's habeas petition. Therefore, we will reverse the District Court's order dismissing Robinson's petition and will remand for further proceedings not inconsistent with this opinion and judgment.

SLOVITER, Circuit Judge, dissenting.

I am pleased to join most of Judge Nygaard's fine opinion for the majority. He writes persuasively that a defense of the statute of limitations may be waived by a state defendant and that the statute of limitations for a habeas petition is a defense that can be waived by the state if not promptly raised at the earliest practicable moment.

I part company with my colleagues when they hold that the Commonwealth waived its statute of limitations defense because it had previously challenged Robinson's habeas petition as an impermissible second or successive petition. I am unpersuaded that as a general rule a habeas defendant may not preliminarily raise a successivity challenge without losing the opportunity to raise the defense of statute of limitations. I believe that AEDPA places the defense of successivity on a different level than affirmative defenses, such as statute of limitations.

Moreover, even if we were ordinarily to put the successivity challenge on the same plane as the other defenses, I believe that in the circumstances of this case, the Commonwealth should not be held to have waived the statute of limitations defense when it sought to address as a preliminary matter the successive nature of the petition.

Second or successive petitions for habeas relief have always faced significant obstacles to consideration in the federal courts because they are, for the most part, wasteful of judicial time and effort. The passage of AEDPA in 1996 strengthened these obstacles by creating a special screening process for the consideration of second or successive petitions, often referred to as a "gatekeeping mechanism." Felker v. Turpin, 518 U.S. 651, 657 (1996). Section 2244(b) provides both procedural and substantive limits on the filing of second or successive petitions. One of the most significant changes was the requirement that the applicant must secure approval from the court of appeals to file a successive petition. 28 U.S.C. S 2244(b)(3)(A) (2001); H.R. Rep. No. 104-518, at 111 (1996). Unless the court of appeals grants such permission, the district court may not consider his or her second or successive petition.

17

Review of the language of S 2244(b)(3)(A) makes apparent the threshold nature of the inquiry into successivity. The statute provides:

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. S 2244(b)(3)(A) (emphasis added).

I do not agree with the majority that there is no significance to the section's introduction to this requirement with the word "before." No other defense is accompanied by this statutory imperative, and therefore the statutory structure gives priority to the successivity challenge. The majority agrees that S 2244(b)(3)(A) establishes a priority between a successivity defense and a limitations defense, which limits the habeas petitioner and the district court. Maj. Typescript Op. at 13. It reconciles this with its holding that the limitations defense is waived because it was not raised at the same time as the successivity defense by stating that the statute "does not limit in any way the Commonwealth or a court of appeals." Maj. Typescript Op. at 13. The majority reasons that "the Commonwealth could have raised its limitations defense in the District Court along with its successivity defense." Maj. Typescript Op. at 13. That is not the way I understand the process to work.

When a second or successive habeas petition is erroneously filed in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. S 1631. The statute limits the authority of the district court to consider second or successive petitions without an order of the court of appeals. Neither the district court nor the government has the authority to permit the consideration of a successive petition in the district court without prior approval from this court:

> [O]nly this court may authorize the commencement of a second or successive petition. . . . From the district

18

> court's perspective, it is an allocation of subject-matter
> jurisdiction to the court of appeals. A district court
> must dismiss a second or successive petition, without
> awaiting any response from the government, unless the
> court of appeals has given approval for its filing. Even
> an explicit consent by the government to beginning the
> case in the district court would be ineffectual; the
> power to authorize its commencement does not reside
> in either the district court or the executive branch of
> the government.

Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996)
(emphasis in original).

It would circumvent the intent of the gatekeeping
function of S 2244 for a district court to proceed to rule on
the merits of a second or successive petition or on any
affirmative defense before the court of appeals has made a
decision whether to let the petition for habeas corpus
proceed in the district court. As has been explained:

> AEDPA's prior approval provision allocates subject-
> matter jurisdiction to the court of appeals by stripping
> the district court of jurisdiction over a second or
> successive habeas petition unless and until the court
> of appeals has decreed that it may go forward. This
> statutory directive means that a district court, faced
> with an unapproved second or successive habeas
> petition, must either dismiss it or transfer it to the
> appropriate court of appeals.

United States v. Enigwe, No. 92-00257, 1998 U.S. Dist.
LEXIS 15149, at *11-*12 (E.D. Pa. Sept. 28, 1998) (citations
omitted) (quoting Pratt v. United States, 129 F.3d 54, 57
(2d Cir. 1997)), aff'd 248 F.3d 1131 (3d Cir. 2000)
(unpublished). Defenses such as the statute of limitations
would be premature, particularly since successivity is
reasonably treated as an issue of subject matter
jurisdiction. See Spivey v. State Bd. of Pardons & Paroles,
No. 02-10416, 2002 U.S. App. LEXIS 976, at *5 (11th Cir.
Jan. 24, 2002) (finding that where prisoner's S 1983 claim
was the "functional equivalent" of a second habeas petition,
and "he did not first apply with this Court for permission to
file a second or successive petition as required by 28 U.S.C.

19

S 2244(b)(3)(A), the district court lacked jurisdiction to entertain [his] claim"); United States v. Gallegos, 142 F.3d 1211, 1212 (10th Cir. 1998) (concluding that when petitioner failed to obtain "prior authorization" from the court of appeals before filing his third habeas petition in the district court, the "district court lacked subject matter jurisdiction" to decide the petition and its order on the merits "must be vacated"); Nelson v. United States, 115 F.3d 136, 136 (2d Cir. 1997) ("to the extent the district court dealt with the [successive] S 2255 motion on its merits, the judgment of that court be and it hereby is vacated for lack of jurisdiction in that court to entertain the motion" because petitioner had not obtained an order authorizing such a petition from the court of appeals); Pratt, 129 F.3d at 57 (same).

I find similarly unpersuasive the majority's suggestion that the Commonwealth's failure to raise its statute of limitations defense in this court constituted a waiver. I do not suggest that a court of appeals would not consider the statute of limitations defense in deciding whether to grant permission to file a successive habeas, but I know of no rule, nor does the majority cite one, that requires the Commonwealth to raise it at the appellate level. The rules governing raising of affirmative defenses apply only to pleadings in the district court. Moreover, it is not the practice of this court to consider and determine a defense that had not been considered in the first instance by the district court.

The majority also finds an equitable reason for its decision that the Commonwealth waived the statute of limitations defense. It refers to the lengthy period Robinson has waited for the court to consider the merits of his habeas petition, and places that responsibility on the Commonwealth. However, under the circumstances here, I do not believe the Commonwealth was unreasonable in challenging Robinson's habeas petition as successive.

Robinson's initial federal habeas petition that was filed in 1991 (before AEDPA) was dismissed in the District Court for procedural default, and this court denied his request for the issuance of a certificate of probable cause because of his failure to exhaust state remedies. Thus, when Robinson

20

filed another federal habeas petition in 1998, the Commonwealth argued in the District Court that the petition was a second petition under AEDPA which should not have been submitted to the District Court without an order from this court. The District Court agreed and dismissed the petition. Robinson appealed, and this court ordered the Commonwealth to show cause why the District Court's dismissal should not be reversed in light of Christy v. Horn, 115 F.3d 201 (3d Cir. 1997), the decision of this court holding that dismissals of habeas petitions for failure to exhaust state claims are not dismissals on the merits and do not render a subsequent petition second or successive under the statute.

This court's order was directed specifically to the Commonwealth filing an answer as to whether the habeas petition was successive. As proceedings were directed solely to determining whether or not the petition would be allowed under the successivity rules, there would have been no reason for the Commonwealth, as the majority suggests, to raise an alternate ground to uphold the dismissal, which might require the development of a record. The scope of review in the court of appeals upon a request for authorization to file a second or successive petition is limited to whether the applicant has made a prima facie showing that the petition complies with the habeas statute's substantive successive petition standards. 28 U.S.C. S 2244(b)(3)(C). Because of this limited scope of review, the Commonwealth limited its response to the issue of successivity.

After the Commonwealth conceded that Robinson's petition was not successive in light of the development of the law, this court remanded the petition to the District Court "for consideration as if it were [Robinson's] first habeas petition." App. at 17. This language mirrors that in our decision in Christy where we held that "when a prior petition has been dismissed without prejudice for failure to exhaust state remedies, no [prior] authorization is necessary and the petitioner may file his petition in the district court as if it were the first such filing." 115 F.3d at 208 (emphasis added). Once the issue of successivity was disposed of, the Commonwealth could then move beyond

21

that threshold issue to present defenses to the petition such as the statute of limitations. It was only at this point that the normal rules regarding the waiver of defenses under Fed. R. Civ. P. 8(c) came into effect. Because the Commonwealth raised the statute of limitations in its first pleading before the District Court on remand, I do not believe it has waived this defense. Therefore, I respectfully dissent.

A True Copy:
Teste:

      Clerk of the United States Court of Appeals
      for the Third Circuit