[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-11568

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 2, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-21737-CV-JLK

CRISTOBAL NAVARRO,
and all others similarly situated,

Plaintiff-Appellant,

versus

SANTOS FURNITURE CUSTOM DESIGN, INC.,
DOMINGO SANTOS,
ROBERTO SANTOS,
ROSA M. SANTOS,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 2, 2010)

Before DUBINA, Chief Judge, KRAVITCH, Circuit Judge, and EDENFIELD,[*] District Judge.

EDENFIELD, District Judge:

Appellant Cristobal Navarro brought a claim for unpaid overtime wages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, against Appellees Santos Furniture Custom Design ("Santos Furniture"), Roberto Santos, Domingo Santos, and Rosa Santos. At trial, the district court granted Appellees' motion for judgment as a matter of law as to Domingo and Rosa Santos, and the jury ultimately returned a verdict in favor of Appellees Santos Furniture and Roberto Santos. Navarro now appeals the district court's dismissal of Domingo Santos and Rosa Santos, as well as the jury verdict. He asserts that both rulings were the result of the district court's improper application of the time limitation set forth in 29 U.S.C. § 255(a).

In his complaint, Navarro sought damages for unpaid overtime wages spanning his fourteen-year employment with Santos Furniture. Section 255(a) of the FLSA provides, in pertinent part: "Any action . . . to enforce any cause of action for unpaid minimum wages, unpaid overtime compensation, or liquidated damages, under the Fair Labor Standards Act . . . may be commenced within two years after the cause of

---

[*] Honorable B. Avant Edenfield, United States District Judge for the Southern District of Georgia, sitting by designation.

action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." 29 U.S.C. § 255(a).

At trial, Navarro introduced testimony in an attempt to show that Domingo and Rosa Santos qualified as employers under the FLSA. Following the close of Navarro's case-in-chief, Appellees moved the court for judgment as a matter of law as to the individual liability of Domingo and Rosa Santos. Appellees urged that, at most, they could only be liable for lost wages for the period beginning three years prior to the filing of the complaint, and it was undisputed that Navarro had not presented any evidence that Domingo and Rosa Santos had exercised active supervisory control over Santos Furniture during that three-year period. The district court agreed and granted the motion, dismissing Domingo and Rosa Santos as defendants. The trial continued as to Santos Furniture and Roberto Santos. The district court instructed the jury as follows:

> The Plaintiff is entitled to recover lost wages from the present time back
> to no more than two years before this lawsuit was filed on June 18,
> 2008, unless you find the employer either knew, or showed reckless

disregard for the matter of whether its conduct was prohibited by the FLSA. If you find that the employer knew, or showed reckless disregard for the matter of whether its conduct was prohibited by the FLSA, the Plaintiff is entitled to recover lost wages from the present time back to no more than three years before this lawsuit was filed.

The jury answered "no" to the first question on the verdict form, concerning whether Appellees failed to pay Navarro overtime wages as required by law. Thereafter, Navarro filed this appeal.

On appeal, Navarro urges that the district court's application of § 255(a)'s limitation was improper because Appellees had waived the limitation by failing to properly plead it in their Answer. Appellees, on the other hand, urge that § 255(a) is not a traditional statute of limitations that must be raised as an affirmative defense. In the alternative, they claim that they adequately raised the limitation in their Answer and in the pretrial stipulations submitted to the district court.

The Court reviews a district court's instructions to the jury for abuse of discretion. *U.S. v. Lopez*, 590 F.3d 1238, 1247-48 (11th Cir. 2009). The Court reviews *de novo* a district court's grant of a F.R.Civ.P. 50 motion for judgment as a matter of law. *D'Angelo v. Sch. Bd.*, 497 F.3d 1203, 1208 (11th Cir. 2007).

This Court has held that the § 255(a) statute of limitations is "an affirmative defense which must be specifically pled." *Day v. Liberty Nat'l Life Ins. Co.*, 122 F.3d 1012, 1015 (11th Cir. 1997) (citing F.R.Civ.P. 8(c)).[1]  In *Day*, the Court ruled that the defendant had waived the § 255(a) statute of limitations by failing to assert it until after the jury had rendered a verdict.  As a result, the Court reversed the district court's grant of a judgment notwithstanding the verdict based on the statute of limitations defense. *Id*. at 1015-16  The *Day* Court emphasized the fact that the defendant's failure to raise the defense until after the jury rendered a verdict deprived the plaintiff of the opportunity to contest the application of the limitation. *Id*. at 1015 ("[I]f [the defendant] had brought the limitations issue to the court during the . . . trial, [the plaintiff] could have offered evidence that the statute was tolled during some period of time, or have insisted that the jury instructions reflect the effect of the statute of limitations on any possible recovery by him.").  In finding a waiver, the *Day* Court relied on the Fifth Circuit's earlier opinion in *Pearce v. Wichita County*, 590

---

[1] The Court notes that the plaintiff in *Day* brought suit pursuant to the Age Discrimination in Employment Act ("ADEA") and not the FLSA.  This distinction is of no effect on the Court's analysis, however, as, at the time of Day's termination, § 255(a) applied to ADEA cases just as it does to FLSA cases. *See Day*, 122 F.3d at 1014 ("At the time of the events giving rise to this litigation, the ADEA incorporated the two-tiered statute of limitations contained in the Portal-to-Portal Pay Act of 1947. *See* 29 U.S.C. § 626(e)(1).  That statute provided that an action would be 'forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued....' 29 U.S.C. § 255(a).").

F.2d 128, 134 (5th Cir. 1979).[2]  The *Pearce* Court had addressed a situation almost identical to that in the *Day* case.  In *Pearce*, the defendant had not raised the statute of limitations defense in its pleadings or in objection to the court's jury instructions.  *Id*.  It had waited until after the jury verdict, finally bringing the limitations issue to the Court's attention in a motion for judgment notwithstanding the verdict.  *Id*.  The *Pearce* Court held that such a delay constituted waiver of any objection to the limitations period that was applied.  *Id*.

The case at hand is clearly distinguishable from the *Day* and *Pearce* cases, however, as Appellees raised § 255(a) several times *before* the case was submitted to the jury.  First, Appellees stated in their Answer (under the heading "Affirmative Defenses") that "[a]ny violation of the [FLSA] by Defendants was not willful, and was wholly unintentional.  Defendants continuously acted in good faith with regard to the administration of its [sic] pay plan."  Next, more than a month before trial, the two-or-three-year limitation was referenced more than once in the parties' Joint Pretrial Stipulation.  Specifically, under the heading "Defendants' Statement of the Case," Appellees stated that "Defendants dispute . . . that Plaintiff was not paid for any overtime he may have worked during the last two or three years of his

---

[2] The Eleventh Circuit, in an en banc decision, *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

employment." Also, in the Stipulation, the parties stated that the following fact was agreed upon and would not require proof at trial: "The corporate Defendant grossed in excess of $500,000.00 per year during the last three years of Plaintiff's employment." Finally, the parties and the court addressed this matter during trial, when, following the close of Navarro's case, the Appellees based several motions for directed verdict on the three-year maximum limitations period. Navarro's counsel, armed with case law, responded with the contention that the Appellees had not pled § 255(a) as an affirmative defense. The Court reviewed the proffered case, but ultimately ruled that § 255(a) would apply so that, at most, Navarro would recover for a three-year time period. Thus, this case stands in stark contrast to the *Day* and *Pearce* cases, where defendants had waived the defense by not raising it until after the jury had rendered a verdict.

The Court finds that Appellees timely raised the § 255(a) statute of limitations. Even if Appellees' assertions in their Answer did not comply with a strict reading of F.R.Civ.P. 8(c), under this Court's precedent, the limitation was still not waived. That is, although Rule 8(c) requires that a statute of limitations defense be raised as an affirmative defense, this Court has noted that "the purpose of Rule 8(c) is to give the opposing party notice of the affirmative defense and a chance to rebut it," and, as a result, "if a plaintiff receives notice of an affirmative defense by some means other

than the pleadings, 'the defendant's failure to comply with Rule 8(c) does not cause the plaintiff any prejudice.'" *Grant v. Preferred Research, Inc.*, 885 F.2d 795, 797 (11th Cir. 1989) (quoting *Hassan v. U.S. Postal Serv.*, 842 F.2d 260, 263 (11th Cir. 1988)). In *Grant*, the defendant raised the statute of limitations defense for the first time in a motion for summary judgment filed approximately one month before trial. *Id.* This court ruled that, because the plaintiff was "fully aware" that the defendant intended to rely on the defense, and because the plaintiff did not assert any prejudice from the lateness of the pleading, the defendant's failure to comply with Rule 8(c) did not result in a waiver. *Id.* at 797-98.

As demonstrated above, in this case, Navarro was given ample notice of Appellees' intent to rely on § 255(a) in several instances prior to trial. Moreover, when the issue was debated in light of the Appellees' directed verdict motions, Navarro's counsel made a thorough argument (including case citations) against the statute's application. He never claimed during that argument that he had been surprised or somehow otherwise prejudiced by defense counsel's reliance upon § 255(a) at trial. As a result, the district court did not err in limiting the jury's consideration of unpaid overtime to the two- or three-year period prior to the filing of the complaint. Further, because it was uncontested that there was no evidence that Domingo or Rosa Santos exercised any active supervisory control over the company

8

for the period three years prior to the filing of the complaint, the district court did not err in granting Appellees' motion for judgment as a matter of law on the issue of the individual liability of either of them. Accordingly, we affirm the judgment entered on the jury's verdict.

**AFFIRMED.**