[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-10554

Non-Argument Calendar

_____

RICHARD R. FINCH,

Plaintiff-Appellant,

*versus*

EMI CONSORTIUM SONGS, INC.,
a New York corporation,
d.b.a. EMI Longitude Music,

Defendant,

HARRY WAYNE CASEY,
an individual,
HARRICK MUSIC, INC.,

a Florida corporation,

Defendants-Appellees,

MATTHEW NELLES, et al.,

Respondents.

————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:22-cv-20144-DPG

————————————

Before NEWSOM, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

There's a lot of history in this case, but only a small part of it matters. In 1983, Richard Finch transferred his copyright and royalty rights to bandmate Harry Casey. Some legal back-and-forth occurred in the interim, but we'll jump ahead. In 2015, Casey sent Finch a letter asserting that Finch was never an "author" under the terms of the Copyright Act, 17 U.S.C. § 203, and thus didn't

retain any termination rights.[1]  Four years later, in 2019, Finch sent Casey a notice of termination under § 203.

This litigation began in 2022, when Finch filed suit against Casey and others requesting declaratory judgment that his § 203 termination rights were valid.  Casey asserted multiple defenses in response, including that Finch's claim was barred by the copyright law's three-year statute of limitations.  *See id.* § 507(b) (copyright claims must be "commenced within three years after the claim accrued.").

The district court granted summary judgment for Casey on the ground that Finch's claims were time-barred.[2]  Copyright-based claims that turn on ownership or authorship accrue on the date that the "plaintiff learns, or should as a reasonable person have learned, that the defendant was violating his ownership rights." *See, e.g.*, *Webster v. Dean Guitars*, 955 F.3d 1270, 1276 (11th Cir. 2020).  An express assertion of sole authorship or ownership—like Casey's letter—triggers the accrual of an ownership claim.  *Id.* at 1276–77.  Accordingly, the district court held, the clock began to

---

[1] Finch allegedly also sent a termination letter to Casey in 2012.  The parties dispute whether Casey ever received the letter, but that doesn't matter for purposes of this appeal.  The relevant events begin with the 2015 letter.

[2] "We review a district court's grant of summary judgment de novo, viewing the evidence and drawing all reasonable inferences in the light most favorable to the nonmoving party." *Salinero v. Johnson & Johnson*, 995 F.3d 959, 964 (11th Cir. 2021) (citation omitted).

run on Finch's § 203 claim when Casey expressly repudiated Finch's authorship in May 2015.

Notwithstanding the district court's straightforward ruling, Finch raises one narrow issue on appeal: whether Casey could raise the statute of limitations as a defense at all.  To be clear, Finch doesn't challenge the statute of limitations' application; rather, he challenges the availability of the defense.  Finch attempts to paint Casey's statute-of-limitations defense as a time-barred authorship counterclaim—limited by the same three-year statute of limitations that hinders Finch here.

Despite his efforts, the two defenses are distinct.  Statutes of limitations are affirmative defenses.  Fed. R. Civ. P. 8(c); *see also Day v. Liberty Nat'l Life Ins. Co.*, 122 F.3d 1012, 1015 (11th Cir. 1997) (per curiam) ("A statute of limitations defense is an affirmative defense." (citation omitted)).  The Sixth Circuit case on which Finch so heavily relies to argue otherwise, *Garza v. Everly*, concerned "a defendant . . . seeking affirmative relief packaged within a defense and . . . attempting to dodge a statute of limitations."  59 F.4th 876, 884 (6th Cir. 2023).  The Sixth Circuit concluded that such a defendant couldn't leverage an affirmative defense into affirmative relief.  *Id.*

This case is different.  Casey does not seek any affirmative relief, nor does he attempt to dodge a statute of limitations.  If anything—ironically—Finch is the one "packag[ing]" claims and defenses to get around a statute of limitations.  Casey raised an affirmative defense distinct from any authorship claim.  Because the statute of limitations argument is dispositive, we need not consider the

sole-authorship debate. The district court was correct to grant summary judgment.

As a final bit of housekeeping, we address Casey's "Motion for Damages and Costs Pursuant to Rule 38." Rule 38 sanctions are appropriately imposed against appellants who raise "clearly frivolous claims in the face of established law and clear facts." *Farese v. Scherer*, 342 F.3d 1223, 1232 (11th Cir. 2003) (per curiam) (internal quotation marks omitted). For purposes of Rule 38, a claim is clearly frivolous if it is "utterly devoid of merit." *Bonfiglio v. Nugent*, 986 F.2d 1391, 1393 (11th Cir. 1993). Although Finch's appeal pushes the boundary, we will exercise our discretion to DENY Casey's motion here.

**AFFIRMED.**