[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-11238
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cv-00243-MP-GRJ


SHEILA COOLEY,
o.b.o. Royce Cooley, Deceased,

Plaintiff-Appellant,

versus


COMMISSIONER OF SOCIAL SECURITY,
Acting Commissioner of the Social Security Administration,

Defendant-Appellee.


_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(December 16, 2016)

Before MARCUS, WILLIAM PRYOR and FAY, Circuit Judges.

PER CURIAM:

Sheila Cooley, on behalf of her deceased husband, Royce Cooley, appeals an order that affirmed the denial of Royce's application for disability insurance benefits. *See* 42 U.S.C. § 405(g). Cooley argues that Royce qualified as intellectually disabled under Listing 12.05. *See* 20 C.F.R. pt. 404, app. 1, § 12.05. The Commissioner of Social Security argues that Cooley waived her argument by failing to object to the magistrate judge's report and recommendation. We affirm.

In July 2010, an administrative law judge denied Royce's third application for benefits. Although Royce died before the Appeals Council denied his request for review, his widow, Cooley, filed a complaint against the agency. The parties consented to have the action decided by a magistrate judge, and Cooley succeeded in having the decision of the agency reversed and the case remanded to evaluate whether Royce qualified for benefits under Listing 12.05.

On remand, the administrative law judge again denied Royce benefits. The administrative law judge ruled that Royce did not qualify as intellectually disabled because he did not have a listed impairment nor any "deficits in adaptive functioning," *see id.*, and, in the alternative, because he did not have "a physical or other mental impairment imposing an additional and significant work-related limitation of function" in addition to his verbal intelligence quotient test score of

2

69, *see id.* § 12.05(C). The administrative law judge found that Royce had performed semi-skilled work for about two decades without accommodation; he was able to follow directions; and he continued to cook, shop, ride his bike, drive, wash clothes, maintain his personal hygiene, and support himself by working odd jobs. Cooley did not request review by the Appeals Council and filed another complaint against the agency.

The district court affirmed the ruling of the agency based on the magistrate judge's recommendation. The magistrate judge determined that Royce had failed to qualify as intellectually disabled under Listing 12.05. That Royce did not have deficits in adaptive functioning, the magistrate judge determined, was supported by substantial evidence of his employment history, his testimony regarding his ongoing personal activities, and the reports of examining physician Lance Chodosh that Royce functioned independently and of psychologist Carmen Tozzo-Julian that Royce was a good candidate for vocational counseling. The magistrate judge rejected the argument that Royce was entitled to a conclusive presumption of disability because he did not have a listed impairment like the applicant in *Ambers v. Heckler*, 736 F.2d 1467, 1470 (11th Cir. 1984), and because there was substantial evidence that he did not have deficits in adaptive functioning. And the magistrate judge stated that Cooley "had not challenged" the "ALJ's alternate [ruling], that even if [Royce] did exhibit deficits in adaptive functioning, [he] did

3

not meet the 'paragraph C' criteria of listing 12.05 because [he] did not have a physical or other mental impairment imposing an additional and significant work-related limitation of function."

Cooley argues on appeal that Royce qualified for disability benefits under paragraph C of Listing 12.05, but she has waived that argument. The magistrate judge warned the parties that, unless they filed "[o]bjections to the[] proposed findings and recommendations . . . within fourteen (14) days after being served a copy," they "waive[d] the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions." Cooley disregarded that warning. Because Cooley "fail[ed] to [file an] object[ion,] . . . [she] waive[d] the right to challenge on appeal the district court's order" that adopted the report and recommendation. *See* 11th Cir. R. 3-1; *see also Advanced Estimating Sys., Inc. v. Riney*, 130 F.3d 996, 998 (11th Cir. 1997) ("attorney error based on a misunderstanding of the law [is] an insufficient basis for excusing a failure to comply with" a procedural rule). Cooley failed to object to the magistrate judge's determination that she "had not challenged" the ruling of the agency that Royce did not satisfy the criteria in Listing 12.05(C) and that she had failed to request review of that ruling by the Appeals Council. As a general rule, we do not consider arguments that have not been fairly presented to a respective agency or to the district court. *See Kelley v. Apfel*, 185 F.3d 1211, 1215 (11th Cir. 1999) (treating as

4

waived a challenge to the administrative law judge's reliance on the testimony of a vocational expert that was "not raise[d] . . . before the administrative agency or the district court"). We deem waived Cooley's argument that her deceased husband qualified for benefits under Listing 12.05(C).

We **AFFIRM** the denial of Cooley's application for benefits.