[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-10492
Non-Argument Calendar
_____

D.C. Docket No. 5:15-cv-00025-LGW-RSB


JONATHAN L. PATTON,

Plaintiff-Appellant,

versus

CORRECTIONS OFFICER ROWELL,
(COI),
CORRECTIONS OFFICER FARNSWORTH,
(COII), et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(February 2, 2017)

Before ED CARNES, Chief Judge, JORDAN and ROSENBAUM, Circuit Judges.

PER CURIAM:

Plaintiff Jonathan L. Patton is an inmate at Ware State Prison. Proceeding pro se, he alleges that carelessness on the part of Correctional Officers Rowell and Farnsworth allowed a fellow inmate, Tyler Grogan, to escape his cell and that Grogan stabbed Patton several times while Officers Rowell and Farnsworth allegedly ran away. Patton brought suit against the officers, their supervisor, and the warden of the prison, on a variety of theories of liability under 42 U.S.C. § 1983. The district court dismissed his claims; this is his appeal.

## I.

Because we are reviewing the district court's dismissal of Patton's claims, we assume all facts alleged in the complaint are true. Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006).

Patton is in the J-1 Dormitory, which is "Tier II" housing, meaning that it houses inmates "considered [to be] a threat to the welfare of the institution." One night Grogan, who is another J-1 resident, was able to escape from the showers and return to his cell undetected. There, he "stuck tissue" into his cell door's locking mechanism, which prevented it from locking properly. He then tried to sneak back into the shower, but he was caught by Officers Rowell and Farnsworth. They escorted Grogan back to his cell and shut the door, but they "never checked" the door lock and they "knowingly" left the slide bolt unlatched.

2

The officers took Patton to the showers next.  While he was there, Grogan left his cell through the unlocked door and entered Patton's cell.  When Officers Rowell and Farnsworth took Patton back to his cell after the shower, Grogan attacked Patton with a knife.  The officers ran away while a guard in the control room called for backup.  Patton was rushed to the medical ward, where he was housed for two days so that he could recover from multiple stab wounds.

Patton brought suit against Officers Rowell and Farnsworth under § 1983, contending that their failure to stop Grogan's attack violated the Eighth Amendment's prohibition of cruel and unusual punishment.  He also asserted claims against J-1's supervisor, Nathan Brooks, for failure to supervise, and the warden of Ware State Prison, Tom Gramiak, for failure to train J-1 correctional officers.  A magistrate judge, in a report and recommendation, recommended dismissing all of Patton's claims for failure to state a claim under 28 U.S.C. § 1915A.  He also recommended denying Patton's request for the appointment of counsel.

Patton objected to several aspects of the report and recommendation.  As to the claims against Officers Rowell and Farnsworth, he pointed out that he had alleged that they "knowingly" left the slide bolt off Grogan's door.  He also argued that they had violated Tier II safety procedures and that those violations could amount to an unconstitutional failure to protect.  As to his claims against Brooks

3

and Warden Gramiak, he argued that the allegations in his complaint were not conclusory.

The district court overruled all of Patton's objections and adopted the magistrate judge's report and recommendation, dismissing all of Patton's claims.

## II.

"A district court's decision to dismiss for failure to state a claim under 28 U.S.C. § 1915A is reviewed <u>de</u> <u>novo</u> . . . ." <u>Boxer X</u>, 437 F.3d at 1110. "We must determine whether [Patton] presented sufficient allegations of constitutional violations to survive a motion to dismiss," meaning that we assess Patton's claims under the same rules that apply to Federal Rule of Civil Procedure 12(b)(6) dismissals. <u>See</u> <u>id.</u> Accordingly, Patton's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." <u>Butler v. Sheriff of Palm Beach Cty.</u>, 685 F.3d 1261, 1265 (11th Cir. 2012).

### A.

Patton contends that Officers Rowell and Farnsworth violated his constitutional rights by failing to protect him from Grogan's attack. He first argues that the officers' failure to ensure that Grogan could not leave his cell to attack Patton violated the Eighth Amendment.

4

"A prison official violates the Eighth Amendment's prohibition against cruel and unusual punishment if he is deliberately indifferent to a substantial risk of serious harm to an inmate who suffers injury." Lane v. Philbin, 835 F.3d 1302, 1307 (11th Cir. 2016). That means that Patton "must allege facts sufficient to show (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation." Id. (quotation marks omitted). Deliberate indifference, in turn, has its own three elements: "(1) subjective knowledge of a risk of serious harm" and the (2) disregarding of that risk by (3) conduct that is more than negligent. Id. at 1308. Put another way, to be deliberately indifferent, a prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Purcell ex rel. Estate of Morgan v. Toombs County, 400 F.3d 1313, 1320 (11th Cir. 2005).

Here, Patton failed to allege that Officers Rowell and Farnsworth acted with deliberate indifference because he did not allege that they subjectively knew the risk to Patton. True, he alleged that they "knowingly" did not latch Grogan's cell door's slide bolt. But his complaint states that they "never checked" the door's locking mechanism, which means that they could not have known that Grogan had managed to keep the door from locking. That the officers should have, but did not, check the door for that possibility may indicate that they were negligent, but

5

negligence is not enough to violate the Eighth Amendment.  See Lane, 835 F.3d at 1308.  Without an allegation that the officers knew the risk, Patton failed to state a claim for relief on this point.

Along the same lines, Patton also argues that Officers Rowell and Farnsworth violated the Eighth Amendment by failing to intervene once Grogan attacked him.  The magistrate judge's report and recommendation explained that Patton had not alleged sufficient facts to support a failure to protect claim.  In his written objections, Patton objected to the report's recommendations regarding the officers' failure to check Grogan's door before the attack.  However, Patton never argued in his objections that he had asserted a viable claim that the officers had violated his constitutional rights by failing to intervene once the attack started.

Under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation . . . waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions."  The report and recommendation specifically warned Patton that he must object within fourteen days of the report and that "[a]ny objections asserting that the [m]agistrate [j]udge failed to address any contention raised in the [c]omplaint must be included in his written objections."  And the report also warned that a failure to object would "bar any later challenge or review of the factual findings or conclusions of the [m]agistrate

[j]udge." Because Patton did not heed those warnings, he waived his argument that the officers violated the Eighth Amendment by failing to stop Grogan's attack once it began.

Accordingly, we affirm the district court's dismissal of Patton's failure to protect claims against Officers Rowell and Farnsworth.

B.

Patton's failure to state a claim that Officers Rowell and Farnsworth violated his constitutional rights also dooms his claims for supervisory liability against Brooks and Warden Gramiak.

As a supervisor, Brooks "is only liable under § 1983 for the unconstitutional acts of his subordinates if he personally participated in the allegedly unconstitutional conduct, or his actions were causally connected to the alleged constitutional deprivation." Campbell v. Johnson, 586 F.3d 835, 840 (11th Cir. 2009). Patton did not allege that Brooks personally participated in the attack. And, as we have already discussed, Patton has failed to sufficiently allege that there was an underlying constitutional deprivation by Brooks' subordinates. As a result, Brooks' actions could not be causally connected to a constitutional deprivation. See Campbell v. Sikes, 169 F.3d 1353, 1374 (11th Cir. 1999) (explaining that without a constitutional violation by a subordinate there could be no supervisory liability).

7

Likewise, Warden Gramiak would only be liable on a failure to train theory if he had "actual or constructive notice that a particular omission in [his] training program causes [his] employees to violate citizens' constitutional rights, and that armed with that knowledge [he] chose to retain that training program." Keith v. DeKalb County, 749 F.3d 1034, 1052 (11th Cir. 2014). Because Patton did not plead facts sufficient to state a claim that any violation of constitutional rights occurred, his failure to train claim against Warden Gramiak must fail.

As a result, we affirm the district court's dismissal of Patton's claims against Brooks and Warden Gramiak.

**III.**

Finally, Patton contends that the district court erred by not appointing counsel to represent him in this case. We review "a district court's decision not to appoint counsel for abuse of discretion." Smith v. Sch. Bd., 487 F.3d 1361, 1365 (11th Cir. 2007). "Appointment of counsel in a civil case is not a constitutional right. It is a privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." Fowler v. Jones, 899 F.2d 1088, 1096 (11th Cir. 1990). For example, in Fowler we denied the appointment of counsel because the "plaintiff's claims [we]re relatively straightforward and involve[d] incidents which took place in the prison, most of which plaintiff witnessed himself." Id. This case

8

does not present "exceptional circumstances."  Instead, it is akin to <u>Fowler</u>, with a straightforward set of alleged facts in a well-developed area of law.  The district court did not abuse its discretion in declining to appoint counsel for Patton.

**AFFIRMED.**