JAMES LAWRENCE KING, UNITED STATES DISTRICT JUDGE
THIS CAUSE comes before the Court upon the September 26, 2018 Report & Recommendation of Magistrate Judge Edwin G. Torres (DE 109), recommending that Defendant's Motion for Judgment on the Pleadings ("Motion") (DE 90) be denied.[1] After de novo review of the record, the Court concludes that the Motion should be granted.
I. BACKGROUND
This Medicare Secondary Payer Act ("MSP Act"), 42 U.S.C. § 1395y(b), private action originates from conditional payments of medical expenses or supplies that Plaintiff alleges its assignor Florida Health Care Plus ("FHCP") made between "April 29, 2012 (the date of the collision) and July 26, 2012" on behalf of patient F.C. following a motor vehicle accident (DE 36, ¶ 69, 74). Plaintiff alleges that, as assignee of FHCP, it first made a demand for reimbursement to Defendant Kingsway Amigo Insurance Company ("Kingsway") "by letter dated November 23, 2015" (id. ¶ 82). Plaintiff does not allege that it made any demands for reimbursement earlier than this date (see id. ¶ 64-83).
Plaintiff filed its Second Amended Complaint in this case (DE 36) on August 17, 2016. The Court denied in part Kingsway's Motion to Dismiss the Second Amended Complaint (DE 62) on September 29, 2017; and denied Kingsway's Motion to Dismiss for Lack of Jurisdiction (DE 84) on May 17, 2018. Thereafter, on August 7, 2018, Kingsway brought its Motion for Judgment on the Pleadings (DE 90), which is the subject of this Order, in which Kingsway argues that 42 U.S.C. § 1395y(b)(2)(B)(vi), a requirement that Plaintiff did not comply with, applies to this case and so renders Plaintiff's claim stale.
II. DISCUSSION
A. Legal Standard
Federal Rule of Civil Procedure 12(c) allows a party to move for judgment on the pleadings "[a]fter the pleadings are closed but within such time as not to delay the trial." Fed. R. Civ. P. 12(c). Rule 12(c)"provides a means of disposing of cases when ..., a judgment on the merits can be achieved by focusing on the content of competing pleadings." Perez v. Wells Fargo, N.A. , 774 F.3d 1329, 1336 (11th Cir. 2014) (internal quotation marks omitted).
*1272 Facts alleged in the complaint must be accepted as true and viewed in the light most favorable to the nonmoving party. Scott v. Taylor , 405 F.3d 1251, 1253 (11th Cir. 2005).
B. Three-Year Limitation Requirement
As Kingsway argues, the Medicare Secondary Payers Act ("MSP Act") plainly and unambiguously requires the government to, as a prerequisite for seeking to recover conditional payments from a primary payer, make a request for payment to the primary payer within three years from the date on which the item or services were furnished to the Medicare enrollee. 42 U.S.C. § 1395y(b)(2)(B)(vi) ;[2] MSPA Claims 1, LLC v. Bayfront HMA Me. Ctr., LLC , Case No. 17-cv-21733-GAYLES, 2018 WL 1400465, at *6 (S.D. Fla. Mar. 20, 2018) ("Subparagraph (B)(vi) ... sets forth a timeframe in which the Government must request reimbursement."). The Eleventh Circuit has made clear that a Medicare Advantage Organization ("MAO") standing in the shoes of the government in bringing an MSP Act claim-such as Plaintiff-is bound by the same requirements as Medicare itself would be.[3] See, e.g., Humana Med. Plan, Inc. v. W. Heritage Ins. Co. , 832 F.3d 1229, 1236 (11th Cir. 2016) ("MAOs have no cause of action absent a statutory basis."); see also In re Avandia Mktg. Sales Practices & Products Liab. Litig. , 685 F.3d 353, 364 n.18 (3d Cir. 2012) ("Congress clearly intended there to be parity between MAOs and traditional Medicare.").
Plaintiff itself admits in its Second Amended Complaint that it made its first request for payment of Kingsway with a letter dated November 23, 2015 (DE 36, ¶ 74), more than three years after the services were furnished for F.C.'s medical expenses or supplies, which Plaintiff alleges occurred between April 29, 2012 and July 26, 2012 (id. ). Plaintiff makes no argument that it complied with the three-year limitation requirement, or that judgment on the pleadings is inappropriate because of the existence of evidence supporting its compliance with the requirement.[4]
Plaintiff argues that the three-year limitations requirement, § 1395y(b)(2)(B)(vi), is inapposite to cases like this one, because (1) "the plain meaning of [the provision] grants [a plaintiff] the right to override claims filing requirements required by primary plans, [but does] not impose a limitations period;" (2) the legislative history confirms this; and (3) the Court should grant Chevron deference to *1273 42 C.F.R. § 411.24(f)(1) (DE 117, at 2, 8). In support of its first point, Plaintiff argues that the permissive word "may" means that the provision is "not mandatory" (DE 117, at 4), but this is nonsensical: the word "may" plainly refers to United States's option as to whether to seek to recover conditional payments at all in a given case, not that "3-year period" actually means "4-year period" or "40-year period." Indeed, as Kingsway has repeatedly noted (see, e.g. , DE 106, at 7), the legislative history Plaintiff cites does nothing to counter this (see DE 117, at 7 (quoting H.R. Rep. No. 105-149, at 1358-59 (1997) (Conf. Rep.) (contrasting the "current law" prior to amendment in which an entity seeking to recover conditional payments needed to abide by an insurance plan's filing requirements, with the amended provision allowing recovery of payments as long as a request for payment is made "within 3 years") ). Finally, the regulation Plaintiff cites, 42 C.F.R. § 411.24(f)(1) (DE 117, at 8) is in no way inconsistent with the plain language of § 1395y(b)(2)(B)(vi). 42 C.F.R. § 411.24(f)(1) ("CMS may recover without regard to any claims filing requirements that the insurance program or plan imposes. " (emphasis added) ). Therefore, the Court concludes that Plaintiff has not supplied any coherent reason whatsoever why § 1395y(b)(2)(B)(vi) is inapplicable to this case, but goes to great lengths to attempt to confuse the issue.
III. CONCLUSION
Plaintiff MSPA Claims 1, LLC did not request payment from Defendant Kingsway Amigo Insurance Company within three years after the services in question were furnished, in contravention of the Medicare Secondary Payers Act's three-year limitation requirement, 42 U.S.C. § 1395y(b)(2)(B)(vi), which applies to any plaintiff seeking to recover conditional payments under the Act. Therefore, Plaintiff's claim is stale and Defendant is entitled to judgment as a matter of law.
Accordingly, and the Court being otherwise fully advised, it is ORDERED, ADJUDGED, and DECREED that Defendant's Motion for Judgment on the Pleadings (DE 90) is hereby GRANTED . Judgment is entered in favor of Defendant and the case is DISMISSED with prejudice . The Court retains jurisdiction for determination of fees and costs, if any.
DONE and ORDERED in chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 20th day of November, 2018.
REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS
EDWIN G. TORRES, United States Magistrate Judge
This Matter is before the Court on a Motion for Judgment on the Pleadings filed by Defendant KINGSWAY AMIGO INSURANCE COMPANY ("Defendant" or "Kingsway") on August 2, 2018. [D.E. 90].[1] Plaintiff MSPA CLAIMS 1, LLC ("Plaintiff") filed a Response in Opposition to that Motion on August 30, 2018 [D.E. 101], and Defendant's Reply followed on September 6, 2018. [D.E. 106]. Upon our review of the Motion, the Reply, the Response, and all relevant authorities governing the dispute, we RECOMMEND that Defendant's Motion be DENIED .
*1274 I. FACTUAL BACKGROUND
The Medicare Act has been described as one of "the most completely impenetrable texts within human experience." Parra v. PacifiCare of Ariz., Inc. , 715 F.3d 1146, 1150 (9th Cir. 2013) (quoting Cooper Univ. Hosp. v. Sebelius , 636 F.3d 44, 45 (3d Cir. 2010) ). We must nevertheless step into these murky waters in order to provide context as to how the claim before us came to be; but we will do our best to keep it as succinct and concise as humanly possible.
Congress enacted the Medicare Act in 1965 as a "federally funded health insurance program for the elderly and disabled." Thomas Jefferson Univ. v. Shalala , 512 U.S. 504, 506, 114 S.Ct. 2381, 129 L.Ed.2d 405 (1994). The Medicare Act consists of five parts, the first two of which "create, describe, and regulate traditional fee-for-service, government-administered Medicare." In re Avandia Mktg. , 685 F.3d 353, 357 (3d Cir. 2012). The Third part - Part C - outlines the Medicare Advantage Program, and it is this Section that pertains to the case at hand.
In 1980, Congress amended the Medicare Act to add the Medicare Secondary Payer Act ("MSPA") in an attempt to reduce the burden of rising costs placed on the federal government by the Medicare program. See Omnibus Reconciliation Act of 1980, Pub. L. 90-499, 94 Stat. 2599. The MSPA is codified at 42 U.S.C. § 1395y and provides that Medicare cannot pay medical expenses when "payment has been made or can reasonably be expected to be made under ... an automobile or liability insurance policy or plan (including a self-insured plan) or no fault insurance." 42 U.S.C. § 1395y(b)(2)(A)(ii). Subsection 1395y(b)(2)(B) gives "[t]he Secretary" authority to make conditional payments "if a primary plan ... has not made or cannot reasonably be expected to make payment with respect to such item or service promptly," but such payment "shall be conditioned on reimbursement." Id. at (b)(1)(B)(i).
The MSPA includes an enforcement mechanism in cases where Medicare makes conditional payments to an enrollee covered by a primary plan. The Act provides that "a primary plan, and an entity that receives payment from a primary plan, shall reimburse the appropriate Trust Fund for any payment made by the Secretary under this subchapter with respect to an item or service if it is demonstrated that such primary plan has or had a responsibility to make payment with respect to such item or service." 42 U.S.C. § 1395y(b)(2)(B)(ii). The Act also provides a cause action for "the United States", which provides in relevant part:
In order to recover payment made under this subchapter for an item or service, the United States may bring an action against any or all entities that are or were required or responsible (directly, as an insurer or self-insurer, as a third-party administrator, as an employer that sponsors or contributes to a group health plan, or large group health plan, or otherwise) to make payment with respect to the same item or service (or any portion thereof) under a primary plan. The United States may, in accordance with subparagraph (3)(A) collect double damages against any such entity. In addition, the United States may recover under this clause from any entity that has received payment from a primary plan or form the proceeds of a primary plan's payment to any entity.
42 U.S.C. § 1395y(b)(2)(B)(iii). Congress also created a private right of action under the Act. See 42 U.S.C. § 1395y(b)(3)(A). It provides as follows:
There is established a private cause of action for damages (which shall be in an amount double the amount otherwise provided) in the case of a primary plan *1275 which fails to provide for primary payment (or appropriate reimbursement) in accordance with paragraphs [ (b) ](1) and [ (b) ](2)(A).
Id.
In 1997, Congress once again amended Medicare to add Part C, which "afford[s] beneficiaries the option to receive their Medicare benefits through private organizations" known as Medicare Advantage Organizations ("MAOs"). Collins v. Wellcare Healthcare Plans, Inc. , 73 F.Supp.3d 653, 659 (E. D. La. 2014). MAO plans are required to provide equivalent benefits to those provided under Medicare Parts A and B. 42 U.S.C. § 1395w-22(a).
Florida Healthcare Plus ("FHCP") is one such MAO. According to the Second Amended Complaint, FHCP - an organization that provided health insurance, health maintenance organization plans and third-party administration services to groups and individuals - assigned any and all subrogation claims, recovery and reimbursement rights against any liable primary payer to a company known as La Ley Recovery Systems. [D.E. 36, ¶¶ 39, 49]. The Complaint further alleges that La Ley, in turn, assigned all of the rights it obtained from FHCP to Plaintiff on February 20, 2015, which allowed Plaintiff to pursue "recoveries related to accidents or incidents recoverable pursuant to" the MSPA. Id. , ¶ 56. The issue in this case involves whether or not Plaintiff timely pursued a claim under this assignment against Defendant, who Plaintiff alleges failed to reimburse Medicare for conditional expenses paid to one of Defendant's enrollees.
The incident giving rise to the Complaint occurred on April 29, 2012. Id. , ¶ 64. On that date, Plaintiff alleges that an individual insured by Defendant was involved in a car accident with a Medicare enrollee that caused injuries. Id. FHCP, as the MAO organization overseeing the enrollee's medical coverage through Medicare, made payments related to those injuries because, according to the Second Amended Complaint, Defendant failed to determine whether or not the enrollee was a Medicare recipient. Id. , ¶¶ 67, 69. Plaintiff further alleges that the enrollee settled her claim with Defendant for the personal injuries caused by the car accident for $6,667.00, which triggered Kingsway's obligations as a primary payer to reimburse the conditional Medicare benefits advanced by FHCP on behalf of the enrollee. Id. , ¶¶ 77-78. Plaintiff contends that those payments remain outstanding and that Defendant must be compelled to reimburse it for the charges incurred by FHCP during the relevant time period, in addition to double damages available under the MSPA. Id. , ¶ 84.
The dispute we must now resolve involves the applicable statute of limitations. Defendant argues that it is entitled to judgment on the pleadings because Plaintiff did not make its demand for repayment within the three-year claims filing period. [D.E. 90]. Plaintiff argues in opposition that the applicable claims-filing period does not begin to run until the MAO (or any assignees with the same rights) receive notice of the primary payer's responsibility to make reimbursement payments, which in this case did not occur until November 16, 2015. [D.E. 101, p. 11]. Since suit was filed suit a month and a half after it became aware of Kingsway's reimbursement responsibilities, Plaintiff argues that its claim is not time-barred and that the litigation can proceed forward.
We agree with Plaintiff and find that the Motion for Judgment on the Pleadings should be denied.
II. LEGAL STANDARD
Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are *1276 closed - but early enough not to delay trial - a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is proper when no issues of material fact exist, and the moving party is entitled to judgment as a matter of law based on the substance of the pleadings and any judicially noticed facts." Cunningham v. Dist. Attorney's Office for Escambia Cty. , 592 F.3d 1237, 1255 (11th Cir. 2010) (quoting Andrx Pharms., Inc. v. Elan Corp., PLC , 421 F.3d 1227, 1232-33 (11th Cir. 2005) ).
In determining whether a party is entitled to judgment on the pleadings, the Court accepts as true all material facts alleged in the non-moving party's pleading, and views those facts in the light most favorable to the non-moving party. Perez v. Wells Fargo N.A. , 774 F.3d 1329, 1335 (11th Cir. 2014) (citing Hawthorne v. Mac Adjustment, Inc. , 140 F.3d 1367, 1370 (11th Cir. 1998) ). "If a comparison of the averments in the competing pleadings reveals a material dispute of fact, judgment on the pleadings must be denied." Id. (citing Stanton v. Larsh , 239 F.2d 104, 106 (5th Cir. 1956) ).
III. ANALYSIS
The dispute centers on the parties' disagreement over the applicable statute of limitations. Defendant contends that it is entitled to judgment on the pleadings because 42 U.S.C. § 1395y(b)(2)(B)(vi) applies. That subsection reads as follows:
Notwithstanding any other time limits that may exist for filing a claim under an employer group health plan, the United States may seek to recover conditional payments in accordance with this subparagraph where the request for payment is submitted to the entity required or responsible under this subsection to pay with respect to the item or service (or any portion thereof) under a primary plan within the 3-year period beginning on the date on which the item or service was furnished.
42 U.S.C. § 1395y(b)(2)(B)(vi). According to Defendant, the Second Amended Complaint asserts that the medical services rendered to the enrollee were furnished between April 29, 2012 and July 26, 2012; hence, Plaintiff was required to make a claim for reimbursement before July 26, 2015. [D.E. 90]. And as the Complaint also alleges that the demand for reimbursement did not occur until November 23, 2015 - more than three years from the date of service - Plaintiff's claim is definitively time-barred on the face of the pleadings. Id.
Plaintiff argues in opposition that Defendant relies on the incorrect statute of limitations, and that the relevant claims filing period can instead be found at § 1395y(b)(2)(B)(iii). That subsection states, in relevant part:
In order to recover payment made under this subchapter for an item or service, the United States may bring an action against any or all entities that are or were required or responsible (directly, as an insurer or self-insurer, as a third-party administrator, as an employer that sponsors or contributes to a group health plan, or large group health plan, or otherwise) to make payment with respect to the same item or service (or any portion thereof) under a primary plan. ... An action may not be brought ... under this clause with respect to payment owed unless the complaint is filed not later than 3 years after the day of the receipt of notice of a settlement, judgment, award, or other payment.
Id. , § 1395y(b)(2)(B)(iii). The Second Amended Complaint alleges that Plaintiff became aware of Defendant's responsibility on November 20, 2015, and therefore had three years from that date to file suit to seek reimbursement. Thus, according to *1277 Plaintiff, the Complaint was timely filed and the case must proceed.
A court in this District recently dealt with this same argument, albeit when confronted with a Motion to Dismiss. See MSPA Claims 1, LLC v. Bayfront HMA Medical Center, LLC , 2018 WL 1400465, *1 (S.D. Fla. Mar. 20, 2018). In that case, an insurance company argued that Plaintiff's claim had been barred by the limitations period contained in § 1395y(b)(2)(B)(vi). Id. , at *6. Judge Darrin P. Gayles rejected this argument:
The Court disagrees with Defendant's interpretation of that statute. Subparagraph (B)(vi) does not contemplate litigation. Rather, it merely sets forth a timeframe in which the Government must request reimbursement.
The applicable statute of limitations is found in subparagraph (B)(iii) ... This language, encompassed in the same subparagraph detailing the United States' ability to bring a cause of action for double damages, clearly sets forth the applicable statute of limitations.
Id. Because the plaintiff in that case brought its cause of action less than three years prior to the time in which it learned that a primary payment had been made by the insurance company, Judge Gayles determined that suit was timely and denied the defendant's Motion to Dismiss on these grounds. Id.
After reviewing for ourselves the statutory language in context, we agree with Judge Gayles' assessment. See Utility Air Regulatory Grp. v. E.P.A., 573 U.S. 302, 134 S.Ct. 2427, 2441, 189 L.Ed.2d 372 (2014) (even in the face of poor legislative draftsmanship, courts must follow the " 'fundamental canon of statutory construction that the words of a statute must be read in their context and with a view to their place in the overall statutory scheme.' ") (quoting FDA v. Brown & Williamson Tobacco Corp., 529 U.S. 120, 133, 120 S.Ct. 1291, 146 L.Ed.2d 121 (2000) ); A. Scalia & B. Garner, Reading Law: The Interpretation of Legal Texts § 2, at 56 (2012) ("The words of a governing text are of paramount concern, and what they convey, in their context, is what the text means.").
Section 1395y(b)(2)(B)(vi) does not contemplate litigation, but merely places a limitation on when the United States may make attempt to collect reimbursement from a primary plan it contends is responsible for the conditional payments the Government makes in accordance with the Act. The statute of limitations pointed to by Plaintiff, on the other hand, is found within a subsection that deals directly with causes of action brought to enforce reimbursement obligations under the MSPA. Thus, a plain reading of the statute provides clear support for Plaintiff's position. See also United States v. Steele , 147 F.3d 1316, 1318 (11th Cir. 1998) (en banc) (noting that statutory construction begins "with the language of the statute itself.").
Stated as simply as possible, the subchapter Defendant relies on provides that the United States "may seek to recover conditional payments" by making a request from the primary plan within three years of the date on which the item or service was furnished. 42 U.S.C. § 1395y(b)(2)(B)(iv) (emphasis added). The provision cited in support of Plaintiff's position states that a private cause of action must be brought within three years of the date of receipt of notice of, among other things, a settlement. Id. , 1395y(b)(2)(B)(iii). As the latter section provides a clear mandate, is included in a provision specifically pertaining to the bringing of suit to enforce obligations under the MSPA, and clearly contemplates litigation - which cannot be said for the former subsection - we are not inclined to ignore it.
*1278 This especially follows from application of the well-established rule of statutory construction that "the specific governs the general." RadLAX Gateway Hotel, LLC v. Amalgamated Bank, 566 U.S. 639, 645, 132 S.Ct. 2065, 182 L.Ed.2d 967, (2012) (Scalia, J.) (quoting Morales v. Trans World Airlines, Inc., 504 U.S. 374, 384, 112 S.Ct. 2031, 119 L.Ed.2d 157 (1992) ). As Justice Scalia further explained, that is particularly true where "Congress has enacted a comprehensive scheme and has deliberately targeted specific problems with specific solutions." Id. In such cases, "the general/specific canon is perhaps most frequently applied to statutes in which a general permission or prohibition is contradicted by a specific prohibition or permission. To eliminate the contradiction, the specific provision is construed as an exception to the general one." Id. (citations omitted).
What we have here, in the light most favorable to Plaintiff, is a comprehensive statutory scheme that has a general authorization (the claims filing period) that sits side-by-side to a more limited, specific authorization (the civil actions limitations provision). In such a case, "the terms of the specific authorization must be complied with." Id.
So, based on the plain language of these provisions, the application of that language in context, and guided by commonplace principles of interpretation, Judge Gayles reached the correct result. At the very least, Plaintiff is on much better statutory footing than Defendant when it comes to divining how Congress intended these statutes to work together. After all, if the purpose of the exercise is to prevent stale claims, that purpose assumes that the claimant will have notice of what the claim actually would be. It is far more persuasive to conclude that Congress, per § 1395y(b)(2)(B)(iii), adopted the "receipt of notice of a settlement, judgment, award, or other payment" as the benchmark by which stale claims are measured. In that case, Plaintiff's claim is timely.
Finally, even if that conclusion was still debatable, that debate should clearly not be settled on the pleadings. At the very least, Defendant should then have to present a compelling record to support its limitations argument, rebuttable by Plaintiff's evidence, consistent with another established guiding principle that should apply here - limitations or timeliness statutes are traditionally deemed affirmative defenses under Rule 8(c). See, e.g., Navarro v. Santos Furniture Custom Design, Inc., 372 F. App'x 24, 27 (11th Cir. 2010) (citing Grant v. Preferred Research, Inc., 885 F.2d 795, 797 (11th Cir. 1989) ; Hassan v. U.S. Postal Serv., 842 F.2d 260, 263 (11th Cir. 1988) ). Surely, given the strength of Plaintiff's statutory argument, this entire issue is not susceptible to resolution on a motion for judgment on the pleadings. If Defendant wishes to pursue it, Defendant will have more appropriate opportunities to defend its affirmative defense.
IV. CONCLUSION
For the foregoing reasons, we hereby RECOMMEND that Defendant's Motion should be DENIED . Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, the parties have fourteen (14) days from service of this Report and Recommendation within which to file written objections, if any, with the District Judge. Failure to timely file objections shall bar the parties from de novo determination by the District Judge of any factual or legal issue covered in the Report and shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report. 28 U.S.C. § 636(b)(1) ; 11th Cir. Rule 3-1 ; see, e.g., Patton v. Rowell, 678 Fed.Appx. 898 (11th Cir. 2017) ;
*1279 Cooley v. Commissioner of Social Security, 671 Fed.Appx. 767 (11th Cir. 2016).
DONE AND SUBMITTED in Chambers at Miami, Florida, this 26th day of September, 2018.

On October 10, 2018, Kingsway filed objections to the Report & Recommendation (DE 111); on October 31, 2018, Plaintiff filed a response to the objections (DE 117). Accordingly, this matter is now ripe for disposition.

The provision reads:
Notwithstanding any other time limits that may exist for filing a claim under an employer group health plan, the United States may seek to recover conditional payments in accordance with this subparagraph where the request for payment is submitted to the entity required or responsible under this subsection to pay with respect to the item or service (or any portion thereof) under a primary plan within the 3-year period beginning on the date on which the item or service was furnished.
42 U.S.C. § 1395y(b)(2)(B)(vi) (emphasis added).

Plaintiff itself alleges in its Second Amended Complaint that the MSP Act is expressly incorporated into the Medicare Advantage program and so "the same MSP rules apply" to Medicare Advantage Organizations (DE 36, ¶ 25, 29). Further, Plaintiff cites to a Center for Medicare and Medicaid Services regulation that "[t]he MA organization will exercise the same rights to recover from a primary plan, entity or individual, that the Secretary exercises under the MSP regulations" (DE 36, ¶ 30 (quoting 42 C.F.R. § 422.108(f) ) ).

Even if the letter Plaintiff sent to Kingsway dated September 23, 2015 that Plaintiff mentions in its Response in Opposition (DE 101, at 10; see also DE 103-1) was a request for payment, it does not fall within the three-year limitation requirement.

The Honorable Judge James Lawrence King referred the Motion to the undersigned on September 11, 2018. [D.E. 107].